**STATE of Missouri, Respondent,**

v.

**Ray Eugene WARREN, Appellant.**

No. 48162.

Supreme Court of Missouri,

Division No. 1.

March 13, 1961.

Ray Eugene Warren pro se.

John M. Dalton, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., for respondent.

DALTON, Judge.

 On January 4, 1960 Ray Eugene Warren (hereinafter referred to as defendant) filed a motion in the Circuit Court of the City of St. Louis, to vacate and set aside the conviction and sentence of the defendant, in the case of State of Missouri v. Ray Eugene Warren, No. 1945–C, wherein defendant had been convicted of robbery in the first degree with a dangerous. and deadly weapon and sentenced to twenty years' imprisonment after verdict by a jury. The motion was entitled, "Application for a Writ of Error Coram Nobis", but in view of the form and content of said application we consider it as filed under Supreme Court Rule 27.26, V.A.M.R. It charged that the judgment and sentence was illegal and void. for the reasons therein stated. The motion was denied and defendant has appealed.

This is the second appearance of this. defendant, as an appellant in this Court. A

prior motion was filed pursuant to Supreme Court Rule 27.26. It was denied and an appeal taken to this Court. See State v. Warren, Mo.Sup., 321 S.W.2d 705, where much of the record in the original case, as involved in this case, is fully set out.

The present motion alleged that, on June 6, 1955, defendant, "after having been found guilty in a trial by jury for the offense of first degree armed robbery, with a dangerous and deadly weapon, was * * * sentenced to a term of twenty (20) years in the Missouri Penitentiary." It was further alleged that the judgment and sentence was unlawful because: " * * * the defendant was forced to trial within minutes after the court had appointed counsel to defend him, and that the immediately appointed counsel was not given time by the court, to adequately prepare the defense or familiarize himself with the facts of this case, therefore, the defendant was without the effective assistance of counsel * * *; that he (defendant) was not advised of the nature and cause of the accusation, in that he was never shown the contents of the information or indictment against him, and his appointed counsel was not given time by the court to investigate or familiarize with the facts of this case * * *; that several charges were pending against him, and that he did not know which case he would be tried for until this case was in trial proceedings * * *; that the immediately appointed counsel did not have time to prepare a defense for his client, in that the defendant could establish his innocence, if a reasonable time would have been granted by the court, in which the defendant * * * would have assisted his counsel within certain facts that would have caused a different verdict by the jury of this case"; and that "the defendant did not except [sic] the court appointed counsel on the basis of being forced to trial without time to prepare a defense, and to have process to compel the attendance of witnesses in his behalf * * *."

It was further alleged, "that he couldn't handle his own case because he didn't know anything about the rules of procedure"; and that "the defendant needed counsel and counsel needed time to prepare a defense"; that counsel, appointed and immediately forced to trial within minutes after appointment, could not possibly be familiar with the facts of this case; and that defendant was deprived of the effective assistance of counsel. On the facts alleged and argued in the motion defendant asked the court to vacate the mentioned judgment.

In a memorandum denying relief the court made reference to this Court's ruling on the appeal on the prior motion, as follows:

"The mandate and judgment of the Supreme Court in this case, which is part of the files of the case, affirming the finding of the Circuit Court in denying the defendant his motion to vacate the judgment and sentence clearly shows that Ray E. Warren did not want an attorney.

"He had dismissed attorneys O'Hanlon, Simpson and Rankin, all appointed by the Court. Attorney Grassmuch was then appointed by the Court to defend him on the day of trial. The mandate of the Supreme Court set out part of the transcript which shows that Grassmuch asked the defendant in the Judge's chambers: 'Are you willing to stand trial along the lines I talked to you about here in private', but the defendant did not answer. The attorney was not appointed minutes before the trial, but had spoken privately to his client and if Warren had a defense he should have divulged it to his attorney at that time and furthermore Grassmuch had, before the commencement of the trial, filed a motion to strike from the amended information the prior conviction of the defendant, and the motion was sustained.

"O'Hanlon, the first attorney appointed by the Court to defend Warren, in this same case, had filed a similar motion which he later dismissed. In that motion he set out in part: 'Comes now the defendant, Ray Eugene Warren, in person and by his at-

torney, and having seen and heard the amended information herein.' This motion is part of the record in the case. The petitioner is mistaken when he states in his application for the writ that he was not shown the contents of the amended information on which he was tried.

"The petitioner states he was uneducated in the procedures of law, but the files disclosed that he had been convicted of robbery in the third degree at Saint Charles, Missouri on the 15th day of September, 1952, and sentenced to serve two years in the Intermediate Reformatory of Missouri and was discharged on November 16, 1953. The files also disclose that he was sentenced in the present case to serve twenty years in the penitentiary to run consecutively with a sentence of ten years imposed in cause 1941–C. This would indicate that he had been tried previously in this jurisdiction. So he should have some knowledge of criminal procedure.

"The files in this case reveal that Warren had filed a motion to vacate judgment and sentence of court on February 26, 1958, which was overruled on March 3, 1958. An appeal was taken on that ruling and the mandate of the Supreme Court affirming the judgment is part of the files in this case. Supreme Court Rule 27.26 reads in part: 'The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner.' * * *" The court held that defendant was entitled to no relief and the writ was denied.

Defendant was permitted, as in the first case, to take his appeal as a poor person. The transcript filed in this Court shows that the said memorandum of the court was filed on January 18, 1960; that the defendant's "motion for rehearing" was "overruled, J. E. McLaughlin, 1–27–60"; and that the notice of appeal was filed and the appeal granted March 10, 1960.

The notice of appeal on file in this Court shows that it was filed in the Circuit Court of the City of St. Louis March 10, 1960; and, on the same date, an order was made granting the appeal. The notice of appeal further recites that the application for a writ of error coram nobis was denied by the court on "January 17, 1960"; and that defendant filed "a motion for rehearing", which was denied on January 27, 1960. The notice of appeal was therefore filed more than ten days after the "motion for rehearing" was overruled. There is nothing in the transcript or records of this Court tending to show that this notice of appeal was filed pursuant to a special order of this Court under Section 512.060 RSMo 1949, V.A.M.S. And see Supreme Court Rule 82.07.

■ An action instituted by the filing of an application for a writ of error coram nobis, or by motion under Rule 27.26 to vacate a judgment of conviction, is a civil proceeding by which collateral inquiry may be made as to the validity of a judgment of conviction and sentence in a criminal case. Such proceedings are governed by the general principles applicable to habeas corpus proceedings. State v. Thompson, Mo.Sup., 324 S.W.2d 133, 135; State v. Smith, Mo. Sup., 324 S.W.2d 707, 711(7, 8); State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 806 (2–4).

■ The present action is a civil proceeding governed by the rules of civil procedure. State v. Smith, supra, 324 S.W.2d 707, 711(7, 8). A notice of appeal in such a case must be filed not later than ten days after the judgment or order appealed from becomes final. Section 512.050 RSMo 1949, V.A.M.S. And see Supreme Court Rules 82.04 and 82.05, which became effective April 1, 1960, subsequent to the appeal in this case. No such notice having been timely filed in this case this Court has no jurisdiction of the appeal and it must be dismissed.

■ In any event this was the second application or motion within the provisions

of Rule 27.26 filed by the same prisoner in the same case and the trial court did not err in denying it, as provided in the Rule.

Appeal dismissed.

All concur.