**Donald Allen KIGER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 13732.

United States Court of Appeals
Seventh Circuit.

March 1, 1963.

Rehearing Denied May 8, 1963.

Carl D. Overman, Christopher Kirages, Indianapolis, Ind., for appellant.

Richard P. Stein, U. S. Atty., Joseph A. Kutch, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before SCHNACKENBERG, KILEY, and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

Defendant Kiger's petition for a writ of error coram nobis was denied without a hearing by the District Court, and he has appealed.

Kiger was arrested in 1957 by federal agents on suspicion of an Indiana bank

robbery.[1] He passed a lie test, an eye witness failed to identify him, and he was released. In 1959, Kiger was arrested in New York, and returned to Indiana to stand trial for the 1957 Indiana bank robbery. He was convicted on January 21, 1960, and sentenced to a term of eighteen years. He did not appeal. It is for relief from that Indiana judgment that he commenced this coram nobis proceeding, on June 14, 1961, charging, among other things, that he was convicted on perjured testimony knowingly used by the Government.

■■ There is no doubt that knowing use of false testimony by the federal government in gaining conviction violates the Fifth Amendment. Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959),[2] James v. United States, 175 F.2d 769 (5th Cir., 1949). Since Kiger is in Leavenworth prison and relief under 28 U.S.C. § 2255 is unavailable to him,[3] coram nobis was the appropriate remedy for him to seek. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). However, in Morgan, the Supreme Court was careful to say that "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." 346 U.S. 502, at 511, 74 S.Ct. 247, at 252. The rule in Morgan also carried the qualification that there must be "sound reasons existing for failure to seek appropriate earlier relief," 346 U.S. 502, at 512, 74 S.Ct. 247, at 253, before a petition for the extraordinary relief of coram nobis must be heard by the federal trial court.[4] And this court has interpreted Morgan as

having "served notice" that the scope of coram nobis relief is narrow. United States v. Campbell, 278 F.2d 916, 919 (7th Cir., 1960).

On January 25, 1960, four days after his conviction, counsel for Kiger filed with the District Court a motion to set aside the verdict and for new trial. Ten separate grounds were set forth. The Government filed a brief in answer to the motion, and the District Court denied the motion on February 5, 1960. No mention was made in Kiger's new trial motion of the alleged coerced and knowingly used perjury of Estes, on which, alone, he relies in this court for the coram nobis relief.

There is no allegation in Kiger's coram nobis petition to show that he learned after the ruling on the new trial motion, of the alleged coerced and knowingly used perjury. He was represented at the trial by two attorneys of unquestionable reputation and competence. There is no allegation that he disclosed to them during the trial, after his conviction and before the denial of the new trial motion, the facts he now relies upon to vacate the sentence and judgment. Had they been informed by Kiger of the alleged perjury, their inquiry, in determining whether to urge the ground for new trial, would have discovered all the facts as to whether there was perjury and, if so, whether it had been coerced, and knowingly used by the Government.

■ We hold that Kiger has failed to show "sound reasons * * * for failure to seek appropriate earlier relief,"[5] on the grounds alleged here, when the new trial motion was made, so as to justify the extraordinary relief.

1. In violation of 18 U.S.C. § 2113(a).

2. That case involved a state conviction and, consequently, the Fourteenth Amendment. But we think the Supreme Court's holding there justifies our application of the rule to the Fifth Amendment.

3. It is unavailable because he is in Leavenworth prison by virtue of a prior federal conviction in Ohio. Heflin v. United

States, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). His Indiana sentence was made consecutive to the Ohio sentence.

4. We agree with the District Court that Kiger had a "sound reason" for his failure to take a direct appeal.

5. 346 U.S. 502, at 512, 74 S.Ct. 247, at 253.

We do not reach any other point made. We hold that the District Court did not err in denying the petition for writ of error coram nobis.[6]  For the reasons given, the judgment is affirmed.

**6.** We have reached this conclusion for a reason different from those of the District Court, but we are not bound by its reasons. The District Court relied, especially on Tinkoff v. United States, 129 F.2d 21 (7th Cir., 1942). The dissenting opinion of Judge Pope in Simpson v. Teets, 239 F.2d 890 (9th Cir., 1956), and the subsequent history of that case in the Supreme Court, 353 U.S. 926, 77 S.Ct. 720, 1 L.Ed.2d 722 (1957), indicate that Tinkoff is doubtful authority for the proposition asserted by the District Court.