**STATE of Missouri, Respondent,**

v.

**James William STIDHAM, Appellant.**

**No. 50806.**

Supreme Court of Missouri,
Division No. 2.

June 13, 1966.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

James W. Stidham, pro se.

DONNELLY, Judge.

In 1955, defendant was found guilty by a jury in the Circuit Court of Butler County, Missouri of the murder of Walter Lee Donnell during the riot in the Missouri Penitentiary on the evening of September 22, 1954. He was sentenced to life imprisonment. The judgment was affirmed upon appeal, the opinion of this Court appearing at 305 S.W.2d 7.

On March 9, 1964, defendant filed in the Circuit Court of Butler County, Missouri, his Motion to Vacate Sentence and Judgment under Supreme Court Rule 27.26, V.A.M.R. Defendant, in his motion, asserts that "he is unlawfully deprived of his liberty in violation of the Fourteenth Amendment to the United States Constitution, in that, the judgment and sentence herein is predicated exclusively upon the use of perjured testimony knowingly used by the State." He further alleges that: "A *James Marvin Creighton,* a former inmate of the Missouri State Penitentiary, and a principal State witness during the above trial was induced by representatives of the State, namely, E. V. Nash, a former Missouri State Trooper, and presently Warden of the Missouri State Penitentiary; and James T. Riley, Cole County Prosecutor, to testify that he observed movant participate in the murder of Walter Lee Donnell, and to further testify that he had not been promised any consideration or leniency for his testimony. Whereas, the aforesaid Creighton did not observe the above murder, and he had been promised a reduction of sentence, or parole by the aforesaid Nash and Riley. And; B *Herman Trout,* a former inmate of the Missouri State Penitentiary, and a principal State witness during the above trial was induced by representatives of the State, namely, E. V. Nash and James T. Riley aforesaid, to testify that he observed movant participate in the murder supra, and to further testify that he had not been promised any leniency or other favorable consideration for his testimony. Whereas, Nash and

Riley knew that neither Creighton nor Trout observed the above murder, and both, Nash and Riley did promise Trout and Creighton that they would be released from imprisonment if they would give the above perjured testimony against movant at his trial. Thereafter, the two aforenamed representatives of the State did secure the release of Creighton and Trout, and they were discharged."

Defendant further alleges that he can prove, by testimony of Herman Trout, E. V. Nash, Charles Billings, Percy Little, and a taped recording alleged to have been secretly made and preserved, that Riley and Nash made a deal with Creighton and Trout whereby Creighton and Trout would receive their discharge from prison for giving perjured testimony.

The Circuit Court of Butler County, Missouri, considered the motion on April 20, 1964, and overruled it without an evidentiary hearing. Defendant perfected an appeal to this Court.

■ In State v. King, Mo.Sup., 380 S.W.2d 370, 372, 373, the applicable law under Rule 27.26, V.A.M.R., is stated as follows: "A motion filed under this rule to vacate a judgment of conviction is not a step in a criminal proceeding against the defendant, but is, like habeas corpus, a means of testing the validity of his detention after conviction. Under this proceeding a collateral inquiry may be made as to the validity of the judgment under which defendant is held. The proceeding is governed by Court rules applicable to civil proceedings. State v. Warren, Mo.Sup., 344 S.W.2d 88, 90 [2]; State v. Thompson, Mo.Sup., 324 S.W.2d 133, 135; State v. Johnstone, Mo.Sup., 350 S.W.2d 774, 777 [3–6], certiorari denied, 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 280. If the motion presents no material issues of fact, or if the issues presented may be determined by the record and files in the original case, the Court may summarily rule the motion, since the Court may take judicial notice of its own records

and the prior proceedings in the case. Also, if only issues of law are presented the Court may summarily rule the motion. If material issues of fact not previously ruled are presented, a hearing must be had and the Court must 'make findings of fact and conclusions of law with respect thereto.' State v. Pickle and Proffit, Mo.Sup., 376 S.W.2d 181 and State v. Herron, Mo.Sup., 376 S.W.2d 192."

■ "Missouri has fully recognized that the knowing use of false testimony invalidates a conviction." State v. Thompson, Mo.Sup., en banc, 396 S.W.2d 697, 701; State v. Eaton, Mo.Sup., 280 S.W.2d 63; State v. Statler, Mo.Sup., 383 S.W.2d 534; State v. Worley, Mo.Sup., 383 S.W.2d 529. However, defendant's conviction was not, as alleged in defendant's motion, predicated exclusively upon the use of the testimony of Creighton and Trout. Defendant's written confession was a part of the State's case and it was found to have been voluntarily given. State v. Stidham, Mo.Sup., 305 S.W.2d 7, 10. Further, Creighton and Trout did not, as alleged in defendant's motion, testify at the trial that they observed the murder.

Creighton's testimony, as it appears at page 320 of the original transcript on appeal, reads as follows: "Q. Now, you didn't see who killed Donnell, did you? A. No, I couldn't see it through this wall."

Trout's testimony, as it appears at page 389 of the original transcript on appeal, reads as follows: "Q. Is it your testimony that you don't know who murdered Donnell, sir? A. Yes, sir. Q. You were not a witness to it? A. No, sir."

Defendant's attorney, in his closing argument to the jury, as it appears at page 733 of the original transcript on appeal, stated in part as follows: " * * * That is a little thing, but on Trout's testimony, and they need Trout and Creighton my friends, but neither one of them said they saw who killed Donnell. Neither one of them said that they saw it. * * * "

The record shows that the testimony of Creighton and Trout was not as alleged by defendant in his motion. A claim for relief is not stated, a hearing was not required, and the trial court did not err in overruling the motion. State v. Kitchin, Mo.Sup., 300 S.W.2d 420; State v. Ninemires, Mo.Sup., 306 S.W.2d 527; State v. Cerny, 365 Mo. 732, 286 S.W.2d 804; State v. Garton, Mo.Sup., 396 S.W.2d 581.

The order and judgment are affirmed.

All concur.