**STATE of Missouri, Respondent,**

v.

**John Vernon DECKARD, Appellant.**

No. 48706.

Supreme Court of Missouri,
Division No. 3.

April 11, 1968.

Norman H. Anderson, Atty. Gen., Gary G. Sprick, Asst. Atty. Gen., Jefferson City, attorneys for respondent.

Marvin Motley, Branson, attorney for appellant.

G. DERK GREEN, Special Judge.

Defendant, John Vernon Deckard, was convicted of Forcible Rape, a felony, in

the Circuit Court of Taney County, Missouri, on October 11, 1960, and sentenced to serve 99 years in the state penitentiary. The Information filed charged the defendant under the Habitual Criminal Act, alleging prior convictions, and the proceedings were in accord with the provisions of that Act.

The defendant was represented in the trial court by counsel of his own choosing. He did not file a Motion for a New Trial, but on March 13, 1961, an appeal was authorized by a special order granted under S.Ct. Rule 28.07, V.A.M.R. This appeal was prosecuted by defendant as a poor person and without counsel representing him on appeal. The appeal was decided on February 12, 1962, the judgment of the trial court was affirmed, and is reported in 354 S.W.2d 886. Following the case of Swenson v. Donnell, 8 Cir., 382 F.2d 248, on April 17, 1967, this Court entered an order setting aside the judgment affirming the conviction of defendant and reinstating the cause on the docket. The Circuit Court of Taney County, Missouri appointed counsel for defendant in accord with S.Ct. Rule 29.01(c). Appointed counsel has prepared and filed brief in the case and appeared before the court in oral argument.

Defendant does not challenge the sufficiency of either the Information filed or the evidence adduced. In this situation, there is no purpose in this opinion in reciting the details of the facts as shown by the evidence. A reading of the transcript reveals ample evidence to support the charge of Forcible Rape as made in the Information. Anyone interested from that standpoint can read a summary of the facts shown by the testimony by referring to the opinion previously written and reported in 354 S.W.2d 886.

In this appeal, the defendant urges two points: (1) That it was error to give Instruction No. 1 because it did not hypothesize the facts stated in the Information to which the Instruction refers; and (2) that the punishment imposed on defendant is exorbitant and grossly excessive. The Information charged that the defendant "then and there, willfully, and feloniously did make an assault upon" the complaining witness (naming her) and "then and there unlawfully, violently, forcibly, and against her will did ravish and carnally know the said" complaining witness. No complaint is made that this is not an adequate and sufficient charge of the crime of forcible rape.

The complained-of part of Instruction No. 1 is as follows: "The court instructs the jury that if they believe and find from the evidence that the defendant, in Taney County, State of Missouri, on or about the 5th day of July, 1960, did make an assault upon the witness (naming her), and did then and there forcibly and against her will, ravish and carnally know her, the said (naming her), then you will find the defendant guilty and as charged in the Information." In attacking this Instruction, the defendant points out that the Information charges that the defendant "unlawfully, willfully, and feloniously did make an assault" upon the complaining witness and that he did "unlawfully, violently, forcibly, and against her will" ravish and carnally know the said witness while the Instruction did not require a finding that the assault was made unlawfully, willfully and feloniously; also that the Instruction did not require the finding that the forcible rape was done unlawfully and violently, as charged in the Information. It is argued that leaving these words out of the Instruction was error and especially so when the Instruction concluded by directing a finding against the defendant "guilty as charged in the Information." No precedent is cited for this contention and no case is found so holding, but the defendant's counsel persuasively argues that by leaving out of the Instruction these designated adverbs and at the same time directing a verdict "as charged in the Information", the Instruction directed a verdict of guilty on the offense as charged without requiring

a finding of all of the elements of the offense as alleged in the Information.

Respondent urges that this matter should not be considered at this time because appellant did not preserve for review any objection to Instruction No. 1, having filed no Motion for New Trial. Ample authority is cited by respondent to support this view, but the record is not definite as to the exact point at which defendant ceased to be represented by counsel, and it is not clear whether no motion was filed because defendant did not have counsel or because the counsel representing him in the trial court determined that there was no error worthy of bringing to the attention of the Supreme Court on appeal.

■ To make certain that defendant's rights were not prejudiced by a lack of representation by counsel, the point raised by him now will be considered. As indicated, we are considering this point on account of the possible lack of counsel or abandonment of counsel at a material point in the case, but not upon the theory of "plain error"; that principle is ordinarily not applied to the consideration of trial errors, including instructions. The Information charged and the Instruction required a finding of all of the essential elements of the crime of rape, (1) carnal knowledge, (2) force, (3) against the will or without the consent of the woman. The Information also included other words, e. g. "unlawfully", "violently", and "willfully." Use of these words was unnecessary, surplusage, superfluous and harmless. They did not affect or change the charge made in the Information, and it was not necessary to include them in the Instruction setting out the essential elements of the crime to be found by the jury in order to warrant a guilty verdict. Their use in the Information was harmless. State v. Herring, 268 Mo. 514, 188 S.W. 169; Supreme Court Rules of Criminal Procedure 24.11; § 545–030 RSMo 1959, V.A.M.S.; State v. Egner, 317 Mo. 457, 296 S.W. 145; State v. Burns, 351 Mo. 163, 172 S.W.2d 259; State v.

Burks, Mo., 257 S.W.2d 919; State v. Cutshall, Mo., 408 S.W.2d 94.

■ The fact that the Instruction carried the phrase "as charged in the Information" following a proper verdict-directing clause does not in any way prejudice the defendant and cannot be held to be in error. No lesser finding was required of the jury and no greater burden was placed upon the defendant. In State v. Herring, the Instruction included language that if the jury found that defendant did "unlawfully" and "in the manner set out in the information" they would find the defendant guilty. The Supreme Court held that these words were unnecessary and their use in the Instruction was harmless. The Instruction there, as here, did not refer the jury to the Information for matters not in the Instruction and which were necessary for their consideration in returning a verdict of guilty. To the same effect is State v. Burns, 351 Mo. 163, 172 S.W.2d 259, where the language was "knowingly" and not having the consent, permission or authority. Also, see State v. Ivory, Mo., 327 S.W.2d 870; State v. Burks, Mo., 257 S.W. 2d 919, and State v. Cutshall, Mo., 408 S.W. 2d 94. Instruction No. 1 was not erroneous for this reason and the point must be ruled against the defendant.

■ The next point made is that the punishment imposed upon defendant is exorbitant and grossly excessive. The punishment fixed is within the limits set by the Legislature. Section 559.260, RSMo 1959, V.A.M.S. provides that upon conviction for this offense the defendant "shall suffer death, or be punished by imprisonment in the penitentiary for a period of not less than two years, in the discretion of the jury." Under the provisions of the Habitual Criminal Act, the prior conviction of the defendant having been determined before submission to the jury, and after the jury's verdict of guilty, it is the responsibility and duty of the judge of the court to fix the punishment. A great deal could be written about the purpose and the intent

of the Legislature in making the change from a fixing of the punishment by jury and requiring that it be done by the judge of the court. Generally, this change is considered to have been to the advantage of the defendant. The law now requires that punishment be fixed by the judge and gives him a wide latitude. He can, and should, consider every facet of the case, the nature of the crime, the defendant's background, personality and potential, and the needs of society. There is nothing to indicate that the judge in this case did not do so.

To support his contention that the punishment fixed was excessive in this case, the defendant cites a number of cases in which the punishment for rape was either fixed by the jury at a lesser term of imprisonment or was reduced by the trial court. In State v. Greer, Mo., 313 S.W.2d 711, punishment was reduced from 50 years to 35 years by the trial judge. In State v. Turner, Mo., 274 S.W. 35, there was a jury verdict of only 10 years. In State v. Oscar, Mo., 226 S.W.2d 722, a 99-year sentence was reduced to 20 years by the trial court, and in State v. Durham, Mo., 418 S.W.2d 23, the punishment for statutory rape was fixed by a jury at 35 years. In some of these cases the punishment was fixed by the jury and later reduced by the trial court. In those cases, the trial judge had the opportunity of hearing the evidence, seeing the parties, and forming an opinion as to the severity of the circumstances and the character of the accused, including his potential for further commission of crime or for rehabilitation. None of them was under the Habitual Criminal Act as in this case.

To counter the defendant's citation of cases in which a lesser punishment was fixed, the State cites State v. Brownridge, Mo., 353 S.W.2d 715, where the punishment was fixed at 99 years' imprisonment under Habitual Criminal Act; State v. McMillian, Mo., 338 S.W.2d 838, where the punishment was fixed by a jury at life imprisonment, and State v. Wolfe, Mo., 343 S.W.2d 10, cert. den., 366 U.S. 953, 81 S.Ct. 1912, 6 L.Ed.2d 1246, where the punishment was fixed at death by the judge, after jury verdict, under Habitual Criminal Act. In each case, the judgment was affirmed and the sentence upheld.

About all that can be said after reviewing these cases, is that the Legislature has provided for a wide range of punishment and judges and juries alike have fixed punishment over this wide range, depending upon the circumstances of each particular case. It was established by proof and admitted by defendant that he had been convicted of the crime of Robbery in the First Degree on November 22, 1950 in Jackson County, Missouri, and served in the state penitentiary on that charge until December 5, 1955. On June 28, 1956, in Greene County, Missouri, he was convicted of the crime and offense of Burglary and served on that charge until June 25, 1960. The present offense was committed within ten days after his release from the penitentiary on this last charge. The record does not reveal what time elapsed after his discharge on December 5, 1955 and the commission of the crime for which he was sentenced on June 28, 1956. It would appear that he was out of custody only a short time before again becoming involved. Exhibits attached to the transcript would indicate that he had also served a sentence in the prison at McAllister, Oklahoma. The trial judge had all of these facts before him and had the additional advantage of observing the defendant's attitude and demeanor during the trial. He was in good position to determine what would be the proper punishment for the facts of this particular case, considering all of the various facets above mentioned. We cannot now say that the punishment was disproportionate to the offense or that the judgment of the trial judge was erroneous.

The judgment of the trial court should be and hereby is affirmed.

EAGER, P. J., and ARONSON, Special J., concur.