**Donald Allen KIGER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 17176.**

United States Court of Appeals Seventh Circuit.

Oct. 17, 1969.

Rehearing Denied Nov. 18, 1969.

William C. Erbecker, Indianapolis, Ind., for petitioner-appellant.

K. Edwin Applegate, U. S. Atty., Robert B. Keene, Asst. U. S. Atty., Indianapolis, Ind., for respondent-appellee.

Before DUFFY, Senior Circuit Judge, KERNER, Circuit Judge, and CAMPBELL,[1] District Judge.

DUFFY, Senior Circuit Judge.

This is an appeal from the dismissal of a petition to vacate sentence and for a new trial pursuant to Title 28, U.S.C. § 2255. The petitioner-appellant was arrested in New York on May 13, 1959 and arraigned on an indictment for bank robbery under Title 18, U.S.C. § 2113. The indictment arose from a bank robbery which occurred in the Southern District of Indiana on November 18, 1957. He was then removed to Indiana for trial.

The petitioner-appellant was then removed to the Southern District of Ohio where he was tried and found guilty of a bank robbery in that state. He was thereafter returned to Indiana for trial of the charged Indiana bank robbery.

---

1. Judge Campbell, Chief Judge for the Northern District of Illinois is sitting by designation.

It is the Indiana bank robbery conviction that is the source of this appeal.

Various trial dates were set and vacated, several on the motion of petitioner-appellant. Trial was finally commenced on November 2, 1959, but a mistrial was granted on petitioner's motion. A second trial was commenced January 18, 1960, and a jury verdict found petitioner-appellant guilty of the charge. Petitioner-appellant was represented by counsel in both trials and in the second trial, was furnished a transcript of the testimony taken in the first trial. He was sentenced to a term of eighteen years to be served consecutively with the twelve-year term given for the Ohio conviction.

Within five days after the entry of judgment in the Indiana court petitioner-appellant's attorneys filed a Motion for New Trial. On February 5, 1960, the Court denied that motion. Within ten days thereafter, petitioner-appellant filed a "Verified Petition in Forma Pauperis." The Court denied this petition on March 3, 1960 on the basis that this was not a proper notice of appeal within the time prescribed in the Federal Rules of Criminal Procedure. A subsequent Notice of Appeal In Forma Pauperis was also denied.

Petitioner-appellant then filed a Petition for Writ of Error Coram Nobis alleging knowing use of perjured testimony by the Federal Government in gaining conviction. The United States District Court for the Southern District of Indiana denied the relief sought and an appeal was taken. This Court affirmed in Kiger v. United States, 315 F.2d 778 (7 Cir., 1963).

We have before us an appeal from the dismissal of a petition to vacate sentence pursuant to Title 28 U.S.C. § 2255. The extensive evidentiary hearing on this petition before the District Court extended over four court days. The Court entered findings of fact and conclusions of law denying the relief sought. A timely appeal was taken to this Court.

The issues before us are:

1) Did the petition in forma pauperis filed by petitioner-appellant on February 15, 1960, constitute a notice of appeal from his conviction for bank robbery in Indiana?

2) Was petitioner-appellant denied the effective assistance of counsel between the time of sentencing and the final day for filing notice of appeal?

3) Was petitioner-appellant deprived of his right to a speedy trial, and

4) Was there sufficient evidence presented during the four day hearing of the knowing use of perjured testimony by the Government?

Rule 37, Federal Rules of Criminal Procedure, requires that a written notice of appeal be filed within ten days after the entry of judgment. Here, no notice of appeal as such was filed. However, this Court has been very liberal as to the form of a notice of appeal by indigent prisoners. "A letter written by an indigent prisoner within the time for appeal informing the trial court of a desire to appeal may be regarded as sufficient to constitute the taking of an appeal although it does not comply with all of the technical niceties ordinarily governing a notice of appeal." United States v. Duncan, 310 F.2d 367, 368 (7 Cir., 1962). We suggested in that opinion, at page 368, that any such letter must contain sufficient information to constitute it a substantial compliance with the requirements of Rule 37. * * *

Petitioner-appellant did file a written document entitled "Verified Petition in Forma Pauperis" within the ten-day time limit. The document read as follows: "Comes now Donald Allen Kiger, defendant in the above entitled cause, and shows to this Honorable Court as follows:

1. That he is a citizen of the United States and is presently confined in the United States Penitentiary at Leavenworth, Kansas.

2. That because of his poverty he desires to avail himself of the provisions of Title 28, Section 1915, enti-

tled: 'Proceedings in Forma Pauperis.'

3. I, the above named defendant, being duly sworn according to law, deposes and say that I am the defendant in the above entitled proceedings; that I am unable to pay the cost of furnishing a stenographic transcript or to give security thereof; that I believe I am entitled to redress; and that the nature of this petition is to obtain the court records and transcripts of my trial of November 1, 1959, and January 19, 1960."

■ Assuming, arguendo, that this would constitute a notice of appeal under the facts of the instant case, we still would not order a new trial for petitioner-appellant.

This Court already has examined the question of the alleged knowing and intentional use of perjured testimony by the federal government in obtaining a conviction. Kiger v. United States, supra, 315 F.2d at page 779.

The four-day evidentiary hearing allowed petitioner-appellant to raise all issues and to fully present all evidence. Petitioner-appellant now seeks a new trial in order that he might present new evidence. Counsel admitted in oral argument that petitioner-appellant does not have any evidence, issue or error other than that presented at the four-day evidentiary hearing granted in the District Court. It is axiomatic that this Court will not engage in an exercise in futility.

This Court also has held "A motion of this nature [for new trial] is addressed to the sound discretion of the Trial Court. * * * It should be granted with caution. * * * In deciding a motion of this nature, the Trial Judge may take into consideration such knowledge as he gained while presiding over the trial. * * *" United States v. Garrison, (United States v. Ooley) 296 F.2d 461, 465 (7 Cir., 1961). The four-day hearing certainly gave the District Judge the same knowledge as though he had presided at the original four-day trial.

The facts in the instant case indicate that the question of granting a new trial is a moot question. Therefore, we refrain from any determination as to whether the Verified Petition in Forma Pauperis may constitute a notice of appeal.

There is evidence from the statements of petitioner-appellant that he felt he had been represented by able counsel and that he had been given a fair trial. There is also evidence that at least one of the defense counsel continued to advise petitioner-appellant during the appeal period. In fact, a motion for a new trial had been filed on behalf of the petitioner-appellant. This Court, in a prior appeal, stated "He [Kiger] was represented at the trial by two attorneys of unquestionable reputation and competence." Kiger v. United States, supra, 315 F.2d at page 779.

We further agree with the District Court that petitioner-appellant was not deprived of his right to a speedy trial, nor deprived of the opportunity to prepare a defense. Practically all of the delay in the trial of petitioner-appellant in the Southern District of Indiana was at his request except for the delay involved in his removal to the Southern District of Ohio to stand trial there.

■ As to the claimed knowing and intentional use by the Government of perjured testimony, the petitioner-appellant has the burden of proving same. United States v. Spadafora, 200 F.2d 140, 142 (7 Cir., 1952); Marcella v. United States, 344 F.2d 876 (9 Cir., 1965).

The four-day evidentiary hearing was, in many respects, a trial de novo of the original Indiana bank robbery charge. The bank teller persisted in her identification of petitioner-appellant. Hurst, petitioner-appellant's accomplice in the bank robbery, did not change his original testimony.

■ Petitioner-appellant is forced to rely on secondhand hearsay testimony

of one Chester Parrish who testified he heard one Bill Davis say that petitioner-appellant was not guilty. The District Court may have taken into account that this testimony was given eight years after petitioner-appellant and Parrish were housed across the hallway from each other in the Federal Penitentiary at Leavenworth. In any event, we cannot say the District Court's findings in this respect are clearly erroneous. Rule 52(a), Federal Rules of Criminal Procedure. 18 U.S.C.A. United States of America ex rel. Gates v. Pate, 355 F.2d 879, 881 (7 Cir., 1966).

We previously have stated that we cannot consider the District Court's findings as clearly erroneous. We have indicated that a new trial would be redundant.

The opinion of the District Court is Affirmed.