George Daniel HALLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 56691.

Supreme Court of Missouri,
Division No. 2.

Oct. 9, 1972.

John R. Short, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

This is an appeal by George Daniel Halley from an adverse judgment in a proceeding under Criminal Rule 27.26, V.A. M.R., filed by him to vacate or set aside a judgment of conviction and 3-year sentence entered on his plea of guilty to a charge of carrying a concealed weapon. This Court has jurisdiction under Section 3 of Article V, Constitution of Missouri, 1945, V.A.M. S., as provided by that section prior to the amendment adopted at the special election of August 4, 1970, since the notice of appeal was filed prior to January 1, 1972. Article V, § 31.

■ From the file in this case and appellant's brief it appears that appellant has served the sentence imposed in this case, is no longer incarcerated thereunder and was finally released on March 17, 1972, during the pendency of this appeal. Instead of disposing of the appeal, however, on the ground that the case is moot, under State v. Brookshire, Mo.Sup., 377 S.W.2d 291, we will treat the motion to vacate or set aside sentence as an application for a writ of error coram nobis to attack the conviction itself, as we have done on several occasions, Laster v. State, Mo.Sup., 461 S. W.2d 839; Holt v. State, Mo.Sup., 433 S. W.2d 265; State v. Carter, Mo.Sup., 399 S.W.2d 74, and State v. Garner, Mo.Sup., 432 S.W.2d 259, 261 [4], since the requirements laid down in State v. Stodulski, Mo. Sup., 298 S.W.2d 420, 424, for availability of the writ of error coram nobis are present in this case.

The sole question is whether appellant was deprived of his liberty without due process of law in violation of constitutional requirements for failure of the court to make an order on its own motion directing a psychiatric examination of accused under § 552.020, RSMo 1969, V.A.M.S. Section 552.020 provides that whenever any judge has reasonable cause to believe that the accused has a mental disease or defect excluding fitness to proceed he shall, upon his own motion or upon motion filed by the state or by or on behalf of the accused, cause to be made a psychiatric examination of accused and a report to the court containing a medical opinion as to whether accused has a mental disease or defect and whether as a result accused lacks capacity to understand the proceedings against him or to assist in his own defense. Appellant claims that there was a bona fide doubt as to appellant's competence to proceed in the defense of the prosecution under the rulings in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, and Brizendine v. Swenson, W.D.Mo., 302 F.Supp. 1011.

In determining whether the court abused its discretion in not ordering a psychiatric examination pursuant to § 552.020 we consider the transcripts of the proceedings at the time of the plea and at time of sentencing; letters written to appellant's attorney, and to the sentencing judge, by the resident psychiatrist at Malcolm Bliss Hospital; the testimony of the examining and treating physician, and the testimony of appellant's attorney. Appellant was arrested August 25, 1969. His plea of guilty was entered on May 11, 1970. He was sentenced on June 26, 1970. Appellant was an in-patient at Malcolm Bliss Hospital from April 20 to April 30, 1970 and he continued as an out-patient until his discharge on June 22, 1970.

Prior to the hearing of May 11 appellant's attorney, Mr. Harris, was informed by the family that appellant had voluntarily submitted to treatment by and was under the care of a psychiatrist. At that hearing

Mr. Harris informed the court that appellant had a *medical* condition; that he had suffered a complete nervous breakdown worrying about this case and that he was under the care of a doctor, taking treatments at Malcolm Bliss Hospital. Mr. Harris did not inform the court that appellant had a *mental* condition, disease or defect nor did he suggest or file a motion under § 552.020 for a psychiatric examination. At the May 11 hearing appellant appeared and answered numerous questions propounded by the court with reference to his possession and concealment of the weapon and stated that he had discussed the matter with his attorney. He answered questions eliciting that he was informed as to his rights to a jury trial; that he knew about the burden of proof and his right to confrontation and cross-examination of witnesses against him. At the request of the judge appellant narrated the facts surrounding his arrest and did so in a comprehensive and intelligent manner. He recited the dates and salient facts about his previous criminal record. When the judge refused his attorney's plea for a presentence investigation appellant entered the exchange between court and counsel, pleaded for a chance to take care of his four children and attributed his problem to alcohol. Thereupon the judge changed his mind, accepted the plea of guilty and ordered a presentence investigation. The record reveals nothing which occurred at the May 11 hearing to lead the court to the reasonable belief that appellant had a mental condition interfering with his fitness to proceed, or to raise a bona fide doubt as to his competency to proceed.

Nine days later (May 20) the psychiatrist, Dr. Schuckit, wrote a letter to attorney Harris stating that appellant "does have a mental illness"; but that "he * * * does have the capacity to understand the proceedings against him and is able to assist in his own defense"; and that at all times he knew right from wrong. The doctor urged further medical attention and strongly suggested out-patient care under the then-existing medical regimen.

Appellant reappeared before the court on June 26 for sentencing. When granted allocution neither he nor his attorney suggested mental illness as a reason why sentence should not be pronounced. Nor did anyone tell the court that appellant was then suffering from mental illness. Mr. Harris did tell the court that he had learned that appellant had been treated at Malcolm Bliss Mental Health Center, and transmitted to the court Dr. Schuckit's recommendation that appellant be given continued out-patient care under the existing medical regimen, and recommended probation so that appellant could care for his family and continue the out-patient treatment under which appellant was progressing favorably. (The doctor had not sent the judge a copy of his report, as requested by Mr. Harris, and Mr. Harris did not supply the court with a copy at the hearing. The record does not disclose whether the judge was supplied with a written presentence report, or what any such report may have contained.) Mr. Harris testified that he did not file a motion for a psychiatric examination under § 552.020 for the reason that as an experienced criminal law practitioner he considered that to invoke this procedure would be "spurious" with the court, wasteful of the court's time and his and useless, for the reason that the three prerequisites (incapacity of appellant to understand the proceedings against him; inability to assist in his own defense, and inability to distinguish between right and wrong) had been specifically negated by the examining and treating physician. On the basis of what was before the judge he sentenced appellant, and denied probation.

 The foregoing is not sufficient to require a finding, as a matter of law, that the judge had reasonable cause to believe that appellant had a mental disease or defect excluding fitness to proceed, or to raise a bona fide doubt as to his compe-

tence to proceed. On two occasions the judge saw appellant in the courtroom, observed his actions and demeanor, and by interrogation tested and had an opportunity to appraise his mental ability and fitness to proceed. Although the court was informed that appellant was under medical treatment at a mental hospital there was no intimation by appellant, his counsel or family that appellant had a mental disease or defect excluding fitness to proceed. Notwithstanding the court was informed that appellant had experienced a nervous breakdown, the only specific information given the court indicated that appellant's problem was alcohol; that he was "progressing well" and that the doctor thought appellant "can be cured as an out-patient" at the hospital. There is nothing in the record to indicate that appellant's mental illness "in any way interfered with his cooperating with his counsel and assisting in his defense." State v. Harris, Mo.Sup., 477 S. W.2d 42, 45. No circumstances came to the attention of the court which in any way cast suspicion on the opinion of the doctor, or that of the lawyer, that appellant was mentally fit to proceed. See Green v. United States, 128 U.S.App.D.C. 408, 389 F.2d 949, 955.

On July 1, five days after sentence was passed, the doctor wrote the judge a letter by which the court was informed for the first time that appellant was suffering from mental illness, diagnosed as paranoid schizophrenia; that since treatment at Malcolm Bliss appellant had done remarkably well with medication and out-patient therapy; that with his response there was no indication for further mental hospitalization at that time, but that in his opinion appellant would have difficulty adjusting to confinement in a penal institution and his first recommendation was parole with continued out-patient therapy at the hospital or, as next best, medication in prison

and special scientific occupational assignment in prison so as to keep him occupied as much as possible. Nothing in the letter indicated that appellant's mind was affected in such manner as to interfere with his capacity to understand the proceedings against him, or to assist in his own defense, or to exclude fitness to proceed. The letter of July 1 alerted the judge to the existence of a mental disease but there was still nothing before the judge giving him reasonable cause to believe that appellant's mental condition was of such seriousness or gravity that action should have been taken under § 552.020, or to raise a reasonable doubt about the matter, and the court took no further action. As pointed out by appellant's counsel at the subsequent hearing, procedure under that section would have been unproductive because, as the doctor stated in his letter to the lawyer, this appellant knew right from wrong; had the capacity to understand the proceedings against him, and was able to assist in his own defense. A hearing under § 552.-020 would not have established that appellant lacked the requisite mental fitness to proceed. Compare United States v. Kaufman, 7 Cir., 393 F.2d 172, 176; McCormick v. State, Mo.Sup., 463 S.W.2d 789.

We find no facts which, if known to the court at the time, would have prevented the acceptance of the guilty plea and entry of a judgment of conviction, and therefore the judgment on the motion to vacate or set aside, treated as an application for a writ of error coram nobis, was properly entered and is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.