John Vernon DECKARD, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9302.

Missouri Court of Appeals,
Springfield District.

March 12, 1973.

Motion for Rehearing or to Transfer to Supreme Court Denied March 26, 1973.

Donald W. Jones, William H. Wendt, Springfield, for movant-appellant.

John C. Danforth, Atty. Gen., Allan D. Seidel, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

This is an appeal by John Vernon Deckard from an order of the Greene County Circuit Court overruling his motion to vacate and set aside a 1956 sentence for burglary. We affirm.

Appellant filed his motion under Rule 27.26, V.A.M.R., but since he has completed the burglary sentence [he is presently in custody under a 99-year sentence for forci-

ble rape] the trial court treated the motion as a petition for a writ of error coram nobis and conducted an evidentiary hearing on appellant's claim that his constitutional rights were violated at the time of his guilty plea to the burglary charge. Halley v. State, 485 S.W.2d 5 (Mo.1972); Bibbs v. State, 476 S.W.2d 590 (Mo.1972); State v. Stodulski, 298 S.W.2d 420 (Mo.1957).[1]

This proceeding challenges the validity of the 1956 burglary conviction which, in addition to a 1950 conviction for armed robbery, served as a basis for appellant being sentenced under the Second Offender's Act (§ 556.280, V.A.M.S.) following his conviction by a Taney County jury of forcible rape in 1960. State v. Deckard, 354 S.W.2d 886 (Mo.1962); State v. Deckard, 426 S.W.2d 88 (Mo.1968).

In his direct appeal of the rape conviction appellant did not raise any issue as to the validity of the burglary and robbery convictions. No constitutional infirmities were claimed as to either of these convictions in a Rule 27.26 proceeding attacking the rape conviction, [Deckard v. State, 456 S.W.2d 35 (Mo.1970)] or in successive federal habeas corpus proceedings [Deckard v. Swenson (W.D.Mo.) Civil Action No. 18569–3, August 17, 1970; Deckard v. Swenson, 335 F.Supp. 992 (W.D.Mo. 1971)].

Here appellant claims that his 1956 plea of guilty to the burglary charge was involuntary because the trial court failed to comply with Rule 25.04, V.A.M.R., in accepting the plea and that he had ineffective assistance of counsel.

---

1. In this writer's view the dictum in State v. Terrell, 276 S.W.2d 219 (Mo. 1955), which was adopted in State v. Stodulski, 298 S.W.2d 420 (Mo.1957), and the impact of various federal decisions on state court procedures are responsible for the ever-increasing number of petitions seeking writs of error coram nobis by convicts who have completed a sentence. If not bound by such decisions, I would adopt the view of the dissenting Justices in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1953) that " . . . The relief being devised here is either wide open to every ex-convict as long as he lives or else it is limited to those who have returned to crime and want the record expunged to lessen a subsequent sentence. Either alternative seems unwarranted to me.

The important principle that means for redressing deprivations of constitutional rights should be available often clashes with the also important principle that at some point a judgment should become final—that litigation must eventually come to an end . . . ".

■ As in a Rule 27.26 proceeding, the burden of proving his allegations and overcoming the presumption that the 1956 proceedings were correct is cast on the appellant. State v. Stodulski, supra. And since this is a civil proceeding and governed by the rules of civil procedure [State v. Warren, 344 S.W.2d 88 (Mo.1961); State v. Stodulski, supra], our review is necessarily limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Price v. State, 488 S.W.2d 634 (Mo.1973).[2]

In denying appellant relief the experienced trial judge made the following determinations: "The Court has considered petitioner's claims as a petition for writ of error coram nobis but finds no merit in his position. In the first place, petitioner admitted at the hearing on his motion that he had committed the crime of burglary . . . and admitted signing a statement confessing such burglary. His claim now, sixteen years after he entered his plea, that he did not understand what was going on, lacks that ring of credibility that would be necessary to set aside his conviction.

"Petitioner was no virgin in the criminal law arena. He had served time on three previous felony convictions before he entered his plea to the burglary charge be-

fore Judge White in 1956. He knew what was going on.

. . . .

"The Court finds that defendant was properly advised by competent counsel of his own choosing; that he entered his plea of guilty to the burglary charge knowingly, intelligently and voluntarily; that the trial court properly received his voluntary plea, and that he was not deprived of any of his constitutional rights by entering said plea of guilty or by the trial court receiving it." [3]

■ The trial court's ruling that appellant failed to sustain his burden of proof is presumed to be correct. Russell v. State, 446 S.W.2d 782 (Mo.1969). The findings are clearly erroneous only when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed. Crosswhite v. State, 426 S.W.2d 67 (Mo.1968).

■■ The trial court was not required to believe appellant's version of the events. Appellant's credibility or lack thereof was for the trial court.[4] The lower court could properly consider the time lapse involved in appellant's claiming his constitutional rights were violated. Skaggs v. State, 476 S.W.2d 524 (Mo.1972); Flood v. State, 476 S.W.2d 529 (Mo.1972). Particularly

2. At Common Law the writ in nature of error coram nobis was considered an "extraordinary" remedy and one born of "necessity". 24 C.J.S. Criminal Law § 1606(2).

3. The Judge who received the 1956 plea was deceased. Guilty pleas were not reported by the reporter in 1956. The former prosecutor was unavailable. Appellant's lawyer in 1956 was an experienced criminal lawyer but had no specific recollection of the events. This writer suggests that some courts, in their zeal to protect the constitutional rights of one entering a guilty plea, fail to take into account that a "voluntary" plea of guilty has taken on additional constitutional significance in recent years and that in contrast to the near-perfect memory of a convicted defendant as to certain events, court records are often incomplete under today's stand-

ards, judges, prosecutors and lawyers are often deceased or unavailable, and the ordinary person has some difficulty in remembering specific and detailed accounts of events of yesteryear.

4. At the hearing appellant admitted the following convictions: 1937—sentenced to 90 days in the Jackson County jail for larceny of a motor car; 1940—sentenced to a two-year prison term in Missouri for auto theft; 1945—sentenced to a 12-year prison term in Oklahoma for auto theft; 1950—sentenced to an 8-year prison term in Missouri for armed robbery; 1956—sentenced to a 7-year prison term in Missouri for burglary (conviction now attacked); 1960—sentenced to a 99-year prison term in Missouri for forcible rape which occurred ten days after his release from prison on the burglary conviction.

so since appellant had not questioned the validity of his burglary conviction in the application of the Second Offender's Act in (1) his direct appeal of his rape conviction, (2) his post-conviction motion under Rule 27.26, and (3) the two federal habeas corpus proceedings. As was observed in Flood v. State, (l. c. 534): "We note that the motion in this case was filed long after the death of the judge who accepted the pleas and more than 12 years after the sentences were imposed. A motion for leave to withdraw a plea of guilty after sentence should be filed within a reasonable length of time, taking into consideration the nature of the allegations of the motion. . . . "

■■ The instant proceedings were initiated by appellant 16 years after the guilty plea and 12 years after the sentence had been completed. The failure to earlier assert his claims was a relevant factor for the trial court to consider in denying appellant relief via an "extraordinary" writ which was "born of necessity". In view of the language of the Supreme Court in Flood v. State, supra, the trial court might very well have disposed of the matter solely on the basis of whether appellant's motion [petition] was timely filed. However, the court granted appellant a full hearing and found against his claims of unconstitutionality. On the record before us, we cannot say that the judgment is clearly erroneous and we therefore affirm the same.

TITUS, C. J., and STONE and HOGAN, JJ., concur.

## ON MOTION FOR RE-HEARING OR TO TRANSFER

PER CURIAM.

Rule 84.17, V.A.M.R., provides "The sole purpose of a motion for rehearing is to call attention to material matters of law or fact overlooked or misinterpreted by the court . . . Mere reargument of issues determined by the opinion will be disregarded."

■■ Appellant's motion does violence to the foregoing rule inasmuch as it constitutes a reargument of the issues determined by our opinion. However, since this is a proceeding in the nature of a writ of error coram nobis, and not a Rule 27.26 motion, we take this opportunity to emphasize the limitations of a proceeding in the nature of a writ of coram nobis.

"We are of the opinion that the law does not permit a solemn finding of fact in a judgment of a court to be impeached by oral evidence . . .." State v. Terrell, 276 S.W.2d 219 (Mo.1955). In addition to this limiting language of the Supreme Court of Missouri, the decision of United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), authorized coram nobis relief from a completed sentence only when there were circumstances compelling such action to achieve justice. And, a petitioner such as appellant, must demonstrate that he is suffering from present adverse legal circumstances in order to invoke coram nobis relief from a sentence already served. United States v. National Plastikwear Fashions, Inc., 368 F.2d 845, 846 (2d Cir. 1966), cert. denied, Greene v. United States, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136; Stewart v. United States, 446 F.2d 42 (8th Cir. 1971); McFadden v. United States, 439 F.2d 285 (8th Cir. 1971). And, lastly, one seeking this extraordinary writ must state sound reasons for not seeking appropriate earlier relief. McFadden v. United States, supra; Kiger v. United States, 315 F.2d 778 (7th Cir.), cert. denied, 375 U.S. 924, 84 S.Ct. 270, 11 L.Ed.2d 166 (1963).

Motion denied.

All concur except HOGAN, J., who concurs in denial of motion for rehearing but is dubitante as to the limitations imposed on relief by the writ of error coram nobis.