**Walter RUSSELL, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53429.**

Supreme Court of Missouri, Division No. 1.

Nov. 10, 1969.

Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for the State.

Dale Reesman, Boonville, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Judge.

On September 14, 1959, Walter Russell pleaded guilty to the crime of rape. He was sentenced to life imprisonment. He has filed a motion pursuant to S.Ct. Rules 27.25 and 27.26, V.A.M.R. to withdraw the plea of guilty and to set aside the judgment. The trial court held an evidentiary hearing and overruled the motion. At the time of entering that order the trial court filed a memorandum which contained detailed findings of fact and a most creditable discussion of the law applicable to the points in the motion. Russell has duly appealed. We will hereinafter refer to movant as defendant.

The prosecutrix, a 35-year-old white married woman, lived in a residence just across the street from the playground of the Training School for Boys located at

Boonville, Missouri. About 1:30 a.m. on Sunday, July 12, 1959, a colored man entered the bedroom of her home in which she and her small daughter were sleeping and raped prosecutrix. When the officers investigated they found coal soot on the wall of the bedroom where someone had walked between the bed and the wall. Bill Hughey, chief deputy sheriff, reported to Mr. Sweeney, Superintendent of the Training School, concerning this fact and Sweeney directed Corrections Officer Forbis to bring defendant to his office. Sweeney talked with defendant briefly, alone in the outer office, and then advised the officers present that defendant had confessed the crime. Deputy Hughey then took defendant to the office of Prosecuting Attorney John Stegner where defendant gave the details of the crime which were typed by Stegner and signed by defendant as a written confession. Several persons were present on that occasion, including a newspaper man.

Defendant had a good record at the training school and therefore had been given a position of trust in that he had been assigned to work in the power plant. According to the confession defendant was working in the boiler room on the night in question. While his supervisor was in the office, defendant slipped away and went to the nearby residence of prosecutrix. He used a case knife he had taken from the kitchen at the training school and removed the putty from around a pane of glass in a basement window. He took the glass out and thus gained entrance into the basement. After going to the first floor he removed his shoes and then went into a bedroom where a little girl and her mother were sleeping. He put his hand on the woman's throat and a knife to her breast and asked her what she had on. He stated that she suggested that they go into the next room to get away from the little girl, which they did; that he then directed that she take off her clothing, telling her that if she did not have intercourse, or if she made an outcry, he would · kill her baby girl. She did as directed and he had inter-

course with her, and then went back to his job in the boiler room, arriving before he had been missed by his supervisor.

A complaint was filed in the magistrate court by Prosecuting Attorney John Stegner, and, on July 16 defendant waived a preliminary hearing, without counsel. On August 3, 1959, the circuit court appointed Judge Roy Williams, Lane Harlan, and Hampton Tisdale of the Cooper County Bar to represent defendant. On September 14, 1959, defendant appeared in court with his attorneys and entered a plea of guilty and, as stated, was sentenced to life imprisonment. At that time the information was read to the defendant and the court advised him extensively concerning his rights. The facts concerning the crime were stated by the prosecuting attorney and the court read defendant's written confession. Upon being questioned by the court the defendant admitted that the confession was true except for one rather unimportant detail. Defendant stated that he had had ample opportunity to confer with his attorneys and knew he was entitled to a jury trial if he desired it, but that he desired to enter a plea of guilty. His attorneys presented to the court a psychologist's report which showed that defendant was of low intelligence, that there was no indication of a mental disorder, and that he was considered to be aware of the consequences of his behavior.

At the evidentiary hearing on the motion defendant testified that he made the oral confession in the superintendent's office because of fear. He stated that on the way to the office Mr. Forbis threatened to kick him unless he walked faster; that in the office he was slapped and threatened by Deputy Sheriff Gilson; that Mr. Sweeney (now deceased) took him into the next office and said that if he didn't confess he would let these officers do what they wanted to do, and that he then told Mr. Sweeney the story. He stated that there were no threats or physical violence connected with the events in the prosecuting attorney's office; that he signed that con-

fession because of fear occasioned by what had occurred earlier in the superintendent's office; that at that time the prosecuting attorney advised him concerning his rights as stated in the confession, as follows: "I have been advised by John J. Stegner, Prosecuting Attorney of Cooper County, that I have certain rights. That among them is the right to have an attorney present, the right to have my friends present and that I do not have to make any statement. Mr. Stegner further advised me that any statements that I may make can be used against me in a court of law, he told me this in the presence of Deputy Sheriff William Hughey, Deputy Sheriff Ira Gilson, and in the presence of Leon Larson and E. J. Melton. I make this statement of my own free will and I have not been offered any favor or reward nor have the authorities told me that if I make this statement things will go easier with me."

Defendant stated that after the confession he was taken to the jail in Marshall where he said the sheriff threatened to turn him over to a mob if he didn't quit walking around dressed only in his shorts; that he waived his preliminary hearing because the prosecuting attorney told him it was best to do it; that he had never seen the prosecutrix except when he looked across from the training school and would see her in her yard; that he never told his attorneys his confession was coerced; that he conferred with them on two or three occasions and told them he wasn't guilty but they said they didn't think a jury would believe his story so he then decided to plead guilty. He stated that the confession was not true because he was not guilty and that he said it was true when questioned by the judge in court because he was frightened; that he felt that he didn't have anyone representing him because his lawyers had told him they didn't think a jury would believe his story.

Defendant stated that at his request his three attorneys had been relieved from representing him on this motion and another attorney was appointed for that purpose.

All three of his attorneys testified at the hearing of the motion. It appears from their testimony that all of them have had extensive experience in the criminal practice; that they conferred with him a number of times, advised him that he was entitled to a jury trial and, in the event he wanted one, they would do their best and would seek a change of venue from Cooper County because of the feeling against him there; that he never complained to them about coercion in getting the confession and never told them that he wasn't guilty, except that Mr. Harlan testified that defendant told him that the prosecutrix had consented to intercourse and that he had advised him that he did not think a jury would believe that story. The attorneys indicated that they recommended that he plead guilty but that the final decision was left entirely to the defendant; that they did not discover the error concerning the date of the alleged crime in the information (hereinafter discussed) but if they had it would have made no difference as they did not consider that to be of any consequence.

The prosecuting attorney and magistrate, at the time of this occurrence, testified that when defendant was brought into court on July 16, 1959, he was fully advised of his rights, the affidavit was read to him, and that he waived his preliminary hearing. The prosecutor denied having advised him to waive a preliminary.

All of the officers whom defendant had named in his testimony (except Mr. Sweeney who was deceased) took the stand and denied that there were any threats, promises, or physical abuse connected with obtaining either the oral or written confession. It developed that Deputy Gilson was not present at the Training School at the time the oral confession was obtained, on which occasion defendant had stated that he slapped him.

At the outset of our consideration of this appeal it should be mentioned that under the provisions of S.Ct. Rule 27.-

26(j) the burden of proving the grounds for relief is upon the movant and that upon appeal our review is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous," and that after sentence, according to Rule 27.25, the court may set aside the judgment and permit the defendant to withdraw his plea of guilty only if such is necessary in order to correct manifest injustice.

We will combine the first two points briefed by defendant. He contends that the information is invalid because there is a variance between the date of the offense alleged in the complaint and that alleged in the information; that the information was also bad because the date alleged therein was four days after defendant had been arrested and confined in jail. The complaint apparently alleged the correct date of the offense but the information alleged that the rape was committed on July 16, 1959.

We do not think the variance in dates between the two pleadings is of any consequence. Obviously they both charged the same offense. Considered separately the complaint would certainly be valid because it alleged the correct date. The fact that the information alleged a date subsequent to the filing of the original complaint (for all practical purposes an impossible date since defendant was in jail) is not sufficient to render it invalid. This for the reason that time is not of the essence of the crime of rape. State v. Palmer, Mo.Sup., 306 S.W.2d 441. Also, the error in the date alleged was cured by S. Ct. Rule 24.11, which is similar to the Statute of Jeofails, § 545.030, RSMo 1959, V. A.M.S. That rule provides that "No indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected: * * * sixth, for stating the time imperfectly, or for stating the offense to have been committed on a day subsequent to the finding of the indictment or information, or an impossible day, or on a day that never happened; * * *" See also State v. Smith, Mo.Sup., 237 S.W. 482[1].

Defendant has cited State v. Fuser, 75 Mo.App. 263, in which the court of appeals held that an information was invalid which charged that the offense was committed on a date different from that alleged in the complaint. The Statute of Jeofails was not mentioned. We consider that opinion to be unsound and it should no longer be followed. Also cited are a number of Texas cases, such as Bayless v. State, 136 Tex.Cr.R. 1, 123 S.W.2d 354, which hold that an information is invalid which alleges a date different from that stated in the complaint. In those cases there is no reference to any rule or statute such as we have heretofore cited. We do not think the Texas cases are applicable and do not choose to follow them.

The remaining contention of defendant is stated in his brief as follows: "The involuntary confession, waiver of preliminary hearing without counsel, and the inadequacy of counsel, together with appellant's fear and confusion rendered him incapable of understanding the nature and consequences of his plea of guilty." We construe that statement to mean that defendant is contending that the plea of guilty was not voluntary because it was not understandingly entered and that the other matters mentioned contributed to bring about the involuntary plea.

In our consideration of this point we note that the trial court found that "movant was not subjected to any abuse or threats nor were any promises made to him before or in Sweeney's office. * * * that the [written] confession was freely and voluntarily made without coercion, fear or promise of reward. * * * On September 14, 1959, the movant was in court in person and by his appointed counsel and was advised of his rights by the Court and was duly arraigned and entered

a plea of guilty * * *. Movant also contends that his court-appointed counsel did not properly represent him. * * * Each of movant's attorneys was a lawyer of long legal experience in criminal matters and each fully advised him of his legal rights. The choice of whether he would plead guilty was his and not his attorneys. And when interrogated by the Court as to whether he desired to waive jury trial and enter a plea of guilty, he answered, 'Yes.' When movant was asked, 'Do you have anything further to say,' movant did not complain about his attorneys. It is evident that this contention is an afterthought and the Court finds that there is no merit in it. The movant also contends that his plea of guilty was not voluntarily made. * * * If he was induced by fear to plead guilty, certainly he would have told his attorneys, if not the Court. The acts which movant claims caused his fear, the Court finds, did not occur and were not of such character as would cause him to plead guilty two months later because of fear. The Court finds, under the record here, that movant's plea of guilty was freely and voluntarily and understandably made after consultation with counsel and being fully advised of his rights and that he has not been prejudiced."

■■ We fully agree with the findings and conclusions of the trial court. The evidence certainly warranted a finding that the confession was voluntary. Defendant freely admitted that there was no coercion used in obtaining the written confession and that he was fully advised as to his rights. We also agree with the trial court's finding that coercion was not used in obtaining the oral confession. An example of the unreliability of defendant's testimony is shown by the fact that the deputy sheriff, whom he identified as having threatened and slapped him, was shown by a number of witnesses not to have been present at the Training School at that time. Moreover, if that confession had been obtained by force or threats it is rea-

sonable to conclude that defendant would have later complained of that fact to the prosecuting attorney, or to his attorneys, or finally to the trial court at the time he entered his plea.

■ Mention is made of the fact that defendant waived his preliminary hearing, without counsel. There was no showing that he said or did anything on that occasion that was prejudicial to him, and, in the absence of such a showing we have held that contentions of this type are without merit. State v. Turley, Mo.Sup., 416 S.W.2d 75.

■ There is no merit in the contention that defendant's attorneys were inadequate. The testimony shows that they all regarded the assignment as a serious responsibility. It is true that they did not discover the erroneous date alleged in the information but, as we have ruled, its discovery would not have benefitted defendant. They did not attack the confession because defendant did not complain to them that it was involuntarily given. Defendant complains of the fact that they told him they doubted that a jury would believe his statement that the prosecutrix consented to have intercourse with him. It is unnecessary to restate the factual situation which shows, almost conclusively, that the attorneys made a sound observation in that respect. Any lack of resistance on the part of prosecutrix was obviously (and reasonably) the result of fear. It is our view that the attorneys fully and skillfully represented defendant and that they did all they could in his behalf.

We also agree with the trial court's conclusion that the plea of guilty was freely and voluntarily entered. While we have not extended this opinion by setting out all that occurred, the record definitely discloses that the court took every reasonable precaution in order to determine that defendant entered the plea voluntarily and with full understanding of his action and the consequences. As we have indicated,

the prior matters which defendant says caused him to enter the involuntary plea were either untrue or otherwise without merit.

In conclusion, we rule that the findings, conclusions and judgment of the trial court are not clearly erroneous and that the court acted properly in overruling the motion.

The judgment is affirmed.

SEILER, P. J., concurs.

STORCKMAN, J., absent.