**Walter RUSSELL, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 57580.**

Supreme Court of Missouri,
Division No. 1.

May 14, 1973.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

W. F. Daniels, Fayette, for appellant by Guy F. Brown, Inmate Legal Counselor, Jefferson City.

BARDGETT, Judge.

This is an appeal from the judgment of the circuit court denying movant-appellant Walter Russell's (hereafter "movant") Rule 27.26, V.A.M.R. motion by which he sought to have a judgment of conviction of forcible rape, a felony, entered on his plea of guilty September 14, 1959, vacated. Notice of appeal was filed prior to January 1, 1972. This court has jurisdiction. Mo. Const., Art. V, § 31(4), as amended 1970.

Movant's efforts to have the rape conviction set aside consist of the following:

In 1962, movant instituted a proceeding for a writ of habeas corpus in the Circuit Court of Cole County, Missouri, Cause No. 21500, in which, after an evidentiary hearing, the trial court denied his application for a writ of habeas corpus.

On September 13, 1962, movant filed an application for writ of habeas corpus with this court. Russell v. State, Case No. 49754. The grounds included in that application included a coerced confession, an invalid waiver of preliminary hearing, various threats should he retract his confession, ineffectiveness of counsel, and the form of sentence was defective. On October 8, 1962, movant's motion for leave to file petition for habeas corpus as a poor person was denied for failure to comply with § 532.050, RSMo., V.A.M.S.

On August 25, 1964, movant's letter to this court was treated as a petition for

writ of habeas corpus and on September 14, 1964, denied for failure to state a claim on which relief could be granted, and in view of denial of petition for writ of habeas corpus No. 49754. The grounds were basically the same as in the preceding application. State v. Russell, Case No. 51029.

Subsequently, movant filed an application for a writ of habeas corpus in the United States District Court for the Western District of Missouri, Central Division, which was dismissed without prejudice for failure to exhaust state remedies on January 24, 1966. Russell v. Swenson, 251 F. Supp. 196 (W.D.Mo.1966).

On April 26, 1966, movant filed his motion to withdraw the guilty plea and to vacate unlawful judgment and sentence under Supreme Court Rules of Missouri 27.25–27.26. On June 10, 1966, the court entered an order overruling movant's motion (Case No. 52323). On June 17, 1966, notice of appeal was filed and on June 15, 1967, this court reversed and remanded the cause to the trial court for an evidentiary hearing. State v. Russell, Case No. 52323.

Thereafter, on August 21, 1967, movant filed his motion to vacate judgment and sentence in the Circuit Court of Cooper County, Missouri (No. 53429). Counsel was appointed to represent movant and an evidentiary hearing was held. On October 11, 1967, the court entered its findings of fact and conclusions of law overruling movant's motion (No. 53429). Notice of appeal was filed, and on appeal to this court the trial court's denial of the motion to vacate judgment and sentence was affirmed. Russell v. State, 446 S.W.2d 782 (Mo.1969).

Thereafter, movant filed an application for a writ of habeas corpus in the United States District Court for the Western District of Missouri, which was dismissed at his request on February 9, 1970. Russell v. Swenson, Case No. 18022–3, United States District Court, Western District of Missouri.

Subsequently, a successive application for a writ of habeas corpus was filed in the United States District Court for the Western District of Missouri, which was dismissed for failure to exhaust state remedies on February 16, 1970. Russell v. Swenson, Case No. 18119–3, United States District Court, Western District of Missouri.

Thereafter, another application for a writ of habeas corpus was filed in the United States District Court for the Western District of Missouri, which was also dismissed without prejudice for failure to exhaust state remedies. Russell v. Swenson, Case No. 18126–3, United States District Court, Western District of Missouri.

On January 12, 1971, movant filed the instant motion to vacate judgment and sentence in the Circuit Court of Cooper County, Missouri. On February 8, 1971, counsel was appointed to represent movant. On February 10, 1971, an amendment was filed to movant's motion to vacate judgment and sentence.

On March 11, 1971, the State of Missouri filed its motion to dismiss, or, in the alternative, motion to strike. On May 7, 1971, movant filed additional answers to the questionnaire portion of his motion to vacate judgment and sentence together with "Defendant's Response to Plaintiff's Motion to Dismiss or in the Alternative Motion to Strike".

An evidentiary hearing was held on July 1, 1971, in the Circuit Court of Cooper County, Missouri, throughout which movant was present in person and by attorney.

On July 21, 1971, the trial court entered its findings of fact and conclusions of law wherein it overruled movant's motion to vacate judgment and sentence and this appeal followed.

In paragraph 8 of the instant motion, movant asserted the following grounds for

relief in separately lettered subparagraphs as follows:

"MOVANT ALLEGES AND CONTENDS THAT:

"(a) he was illegally seized and arrested; and during his illegal detention, a coerced and incriminating confession was extracted from him and used to convict him of an alleged rape which was based on unreliable hearsay evidence and cannot be substantiated by any of the court records. Movant further states that at the aforementioned time, he was a juvenile ward of the state and that the illegal seizure and arrest, plus the usage of the incriminating statement was in its entirety a gross violation of his United States Constitutional Rights and the rights afforded movant under the provisions of Missouri law.
. . .

"(b) as an illiterate academically retarded juvenile, he unknowingly and without understanding of the legal proceedings, waived his preliminary hearing after being charged with a capital offense without the benefit of consulting with an attorney, and that said waiving caused him to lose and sacrifice a valuable defense; also, the said waiving of his preliminary hearing was prejudicial and harmful to the movant and infringed upon his federal rights and the rights afforded him under the provisions of Missouri law. . . .

"(c) he did plead guilty to the charge of forcible rape, but that the plea was improper under the rules of the Missouri Supreme Court, Criminal Rule 25.04, which forbids acceptance of a plea of guilty without following the guidelines set forth under Rule 25.04. . . . Also, movant states that he was not taken before the Juvenile Court immediately upon his arrest, and all statements taken from him during movant's subsequent detention are inadmissible as evidence against him. . . .

"(d) the trial court erred when they did not afford movant due process and equal protection of the law as guaranteed by the 14th Amendment to the federal constitution and Missouri law as movant was a ward of the State of Missouri and was still under the jurisdiction of the juvenile court when he was illegally tried on the alleged rape charge; also, the court erred when movant's mental capabilities were not properly resolved by the court before accepting a plea of guilty in a capital case. . . .

"(e) he was not afforded the effective assistance of counsel during or in the preliminary and critical stages of his trial before entering a coerced plea of guilty, which is in violation of movant's constitutional rights. . . . "

An additional ground was added by amendment. It is: "Movant alleges that Attorney Hampton Tisdale, while representing and defending this movant on a capital charge of forcible rape, was at the same time an appointed member of a publicized civic organization originating to increase the security measures for the Missouri Training School for Boys, and that such duties of that appointment and the committee on which he served created a conflict of interest of which this movant suffered to the extent that he (Movant) was not afforded the effective assistance of counseling as prescribed by law."

Paragraph 9 of movant's motion repeated the grounds alleged in paragraph 8 in subparagraphs thereto and expanded upon the grounds asserted in paragraph 8 by making certain factual allegations.

At the outset of the evidentiary hearing held July 1, 1971, there was extended discussion between the court, movant's counsel W. F. Daniels, movant himself, and the prosecuting attorney. Movant withdrew all grounds asserted in his motion except the following:

"b. The movant was a juvenile ward of the State of Missouri and was not accorded his rights under Chapter 211 of R.S. Mo. 1949.

"c. That the trial court in accepting his plea of guilty did not follow the guidelines set forth under Criminal Rule 25.04.

"d. The trial court erred in not properly resolving the mental capabilities of defendant before accepting his guilty plea.

"e. He was afforded ineffective assistance of counsel by reason:

"(1) Counsel failed to point out to the court that defendant's mental capabilities prevented him from intelligently, voluntarily and knowingly entering a plea of guilty.

"(2) Alleges that his court-appointed attorney, Hampton Tisdale, was a member of a committee seeking to obtain additional security for the Training School and said duties created a conflict of interest with his duties as counsel for movant herein."

The foregoing quotation is taken from the trial court's findings of fact and accurately summarizes the statement by movant's counsel made in open court to which movant stated his agreement.

Re: Movant's claim that he was not afforded his rights under Chapter 211, RSMo (Juvenile Code). It is movant's contention that because he was committed to the training school for boys by the Juvenile Court of the City of St. Louis and was an inmate thereof on July 12, 1959, the date of the offense, that he was still subject to the exclusive jurisdiction of the juvenile court and was entitled to the procedures provided for in the Juvenile Code. Movant was born January 18, 1942, and attained the age of seventeen on January 18, 1959. He was about 17½ years old at the time of the offense on July 12, 1959. The circuit court held that movant was not subject to the jurisdiction of the juvenile court nor entitled to the procedures of the Juvenile Code because he, at the time of the alleged offense, was not a child as that term is defined in § 211.021, whereby "child" is defined as being a person under seventeen years of age. The court also held that movant was not under the continuing jurisdiction of the St. Louis Juvenile Court because of that portion of §

211.041, which provides, "except in cases where he is committed to and received by the state board of training schools, unless jurisdiction has been returned to the committing court by provisions of section 219.-220, RSMo, through requests of the court to the board of training schools." Movant had not been returned to the Juvenile Court of the City of St. Louis.

Movant argues that Chapter 219, RSMo, "State Training Schools", controls his situation because he was a juvenile when received by the State Board of Training Schools. Chapter 219 is not controlling when the question is whether or not a person is subject to the exclusive jurisdiction of a juvenile court pursuant to the Juvenile Code. Movant was not under the age of seventeen as of the date of the alleged offense and was therefore not subject to Juvenile Code procedures. The trial court was correct in its ruling. The point is overruled.

Re: Movant's claim that the circuit court did not comply with Rule 25.04 at the time it accepted movant's plea of guilty to the charge of forcible rape and therefore movant's plea of guilty was involuntary and must be set aside.

The trial court entered its findings of fact and concluded that the plea of guilty was in fact voluntarily, knowingly, and understandingly made by movant. Additionally this point was made by movant in his prior Rule 27.26, V.A.M.R. motion, overruled by the trial court and movant appealed to this court and maintained this point on appeal. The point was ruled adversely to movant by this court in Russell v. State, 446 S.W.2d 782 (Mo.1969). On this basis alone, movant's contention would be denied. However, the trial court did enter its findings and conclusions on this point again and the record shows the ruling to be not clearly erroneous. The point is overruled.

Re: The trial court erred in not properly resolving the mental capabilities of movant before accepting his guilty plea.

During the plea proceedings of September 14, 1959, the court-appointed attorneys representing movant gave the court a psychologist's report that had been prepared by Walter DeClue who was the clinical psychologist for the State Training School for Boys in the summer of 1959. The report showed that on May 12, 1958, movant was administered the California Test of Mental Maturity and the following scores were obtained: Language Factors I.Q. 67; Non-Language Factors I.Q. 75; Total Mental Factors I.Q. 67. The report further stated, "These scores point to an intellectual level, of functioning within the borderline range. Taken into consideration that this was a group test (one that is administered to a group of individuals with little individual attention) plus the fact that he is very much retarded academically indicate that it is highly probable that his actual capacity lies within the dull normal range. IMPRESSION: The impression is that of a poorly socialized individual of dull normal intelligence who is retarded academically. There were no indications of any mental disorder and it is felt that he is entirely aware of the consequences of his behavior." The foregoing report was submitted to the sentencing judge and he was requested to consider it in sentencing movant.

The transcript of the record on appeal in Russell v. State, 446 S.W.2d 782 (Mo.1969 No. 53429) and the briefs filed therein were received in evidence during the trial court's evidentiary hearing on the instant motion. The psychologist's report referred to above was included in the record on appeal in Russell v. State, supra.

The trial court in its findings on the instant motion reviewed the evidence presented to it, which included the testimony of Mr. DeClue, and the three attorneys who represented movant at the plea proceedings, most of which is set forth in Russell v. State, supra, and concluded that movant "was operating within the dull-average range of intelligence, he did know the difference between right and wrong,

understood the seriousness of the crime of rape for which he was charged, and was able to contribute to and cooperate in his own defense."

Movant relies principally upon § 552.020, RSMo 1969; Brizendine v. Swenson, 302 F.Supp. 1011 (W.D.Mo.1969); and Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), in support of his position that the sentencing court should have ordered a mental examination of movant on its own motion and held a hearing thereon to determine movant's mental competence.

Sec. 552.020 was enacted by the General Assembly of Missouri in 1963, about four years after the guilty plea was entered in this case and, therefore, is not applicable to this case. For that same reason, Brizendine v. Swenson, supra, to the extent that it relied upon § 552.020, RSMo, is not applicable here. Pate v. Robinson, supra, is the controlling authority and, insofar as applicable to movant's contention here, holds that the trial court must hold a competency hearing sua sponte "[w]here the evidence raises a 'bona fide doubt' as to a defendant's competence to stand trial. . . ." Pate v. Robinson, 383 U.S. at 385, 86 S.Ct. at 842; Maggard v. State, 471 S.W.2d 161, 165 (Mo.1971).

The record of the plea proceedings itself demonstrates that movant was mentally competent to and did understand the proceedings. The testimony of movant's attorneys shows that movant understood the proceedings and was mentally competent. Movant's testimony does not show him to have been mentally unable to understand the proceedings nor unable to cooperate in his own defense. To the contrary, his testimony at the hearing on the instant 27.26 motion and on the prior motion, in support of his claims that his plea and confession were involuntary because of coercion, demonstrates that he did understand exactly what was happening. In short, there was nothing that would have raised even a bona fide doubt or have reasonably

indicated to either movant's attorneys or to the sentencing court that movant was suffering from a mental disability whereby he could not cooperate in his own defense or that he did not understand the proceedings.

The trial court's holding that movant understood the seriousness of the offense with which he was charged and was able to contribute to and cooperate in his own defense is not clearly erroneous. The sentencing court was not required to order a mental examination or to hold a hearing with reference to movant's mental competence. The point is overruled.

■ Re: Movant's point that he was afforded ineffective assistance of counsel by reason of: "(1) Counsel failed to point out to the court that defendant's mental capabilities prevented him from intelligently, voluntarily and knowingly entering a plea of guilty." What has been said on the preceding point answers this contention. The point is overruled.

■ "(2) [Movant] alleges that his court-appointed attorney, Hampton Tisdale, was a member of a committee seeking to obtain additional security for the Training School and said duties created a conflict of interest with his duties as counsel for movant herein." Mr. Tisdale testified that he had practiced law in Boonville since 1932; that he was appointed co-counsel to represent movant in 1959 and did so; that he (Tisdale) has always been interested in the training school and in 1959 and prior and subsequent thereto believed that the training school should be fenced; that he personally believed that if the school were fenced escapes would be discouraged and the boys would be less likely to get into trouble, and that would be in the interest of the boys; that in July of 1959 he was serving on a Boonville Chamber of Commerce committee that advocated better security measures at the training school; that he had represented many boys from the training school over the years; and that his interest in fencing the school would not affect him in any way detrimental to his duties in representing movant.

The trial court found there was not any conflict of interest and this court agrees. The point is overruled.

After the notice of appeal was filed by movant's court-appointed attorney, Mr. Daniels, movant began writing letters to this court stating dissatisfaction with his appointed counsel's conduct during the circuit court hearing on this motion and requesting this court to remove Mr. Daniels from this case on appeal. The court has not done so and to the extent that such letters constitute a motion to remove Mr. Daniels, it is overruled.

Movant has filed a pro se brief and Mr. Daniels has filed a supplemental brief in movant's behalf.

Point one of movant's pro se brief seeks to have the judgment entered on the instant 27.26 motion set aside asserting that the trial court's hearing thereon was fundamentally unfair. This is premised on movant's allegation that he was kept in handcuffs and leg irons throughout the hearing and that he was denied effective representation at that hearing because Mr. Daniels withdrew both the allegation in the 27.26 motion that movant's arrest was illegal and the allegation that the prosecutrix failed to file a complaint.

The record shows that movant was shackled during the hearing on his 27.26 motion, but the record does not reflect the reason for the movant being in shackles. At one point movant requested that one of his hands be freed in order that he could handle his papers. The court stated that it had nothing to do with movant's custody since that is up to movant's custodian; that these cases involved considerable problems regarding security; that movant's counsel could help movant with the papers; that no jury was present and his rights were not being affected in any degree, and denied the request. The hearing proceeded with no further mention of the matter.

▮ The court, contrary to its assertion, had the right and duty to exercise its discretion with reference to the use of cuffs or other personal restraints while movant was in court. The use of such restraints in courtrooms during hearings is discouraged and, absent some good reason for their use, they should not be used even though the hearing is before the court alone and not a jury. In the instant case there is nothing to indicate that the restraints utilized caused any prejudice to movant, nor is there any indication that his questioning of witnesses and participating in the trial of the motion was inhibited by the restraints. The court holds that the use of restraints here did not cause the hearing to be fundamentally unfair. The contention is overruled.

Movant, in his pro se brief here, also claims he was not afforded effective assistance of counsel at the evidentiary hearing on the instant motion because his counsel withdrew that portion of movant's allegations appearing in paragraph 8a of the 27.26 motion wherein movant asserted that he "was illegally seized and arrested". The movant contends his entire motion was based on the fact that he was seized and arrested without the official filing of an original complaint or affidavit by the prosecutrix.

Movant's previous Rule 27.26 motion filed July 7, 1967, alleged in paragraph 8c, "That petitioner was arrested on a Warrant of Arrest which was issued without the filing of a complaint or affidavit." An evidentiary hearing was held on movant's motion filed July 7, 1967, and the trial court found that "On July 12, 1959, the affidavit of John J. Stegner was filed in the Magistrate Court of Cooper County, Missouri, charging movant with the rape of Mildred Johnson on July 11, 1959. A warrant was issued for movant's arrest." The trial court concluded that the affidavit of Stegner was a complaint and that after it was filed a warrant for the arrest of mov-

ant was issued and held that "[t]here is no merit in this assignment."

▮ Following additional and extensive findings, the trial court overruled movant's Rule 27.25–27.26 motion on October 11, 1967. Movant appealed to this court. Movant was represented by counsel throughout the trial court hearing and the appeal. Movant's brief in that appeal, Russell v. State, 446 S.W.2d 782 (Mo.1969) (Supreme Court No. 53429), does not raise any issue regarding the legality of his arrest. The failure to raise a point on appeal constitutes an abandonment of the point. Rule 28.02. The decision of this court in Russell v. State, supra, was, at a minimum, final as to all matters contained in the motion heard by the trial court and cannot be relitigated in a subsequent motion. The alleged illegality of movant's arrest was alleged in the motion filed July 7, 1967, and the issue was ruled against movant. Movant was not entitled to relitigate that issue in the instant motion. The withdrawal of the allegation of illegal arrest by movant's counsel during the evidentiary hearing on the instant motion did not constitute inadequate representation. The foregoing is the basis upon which the point is overruled.

Additionally, however, the record of the evidentiary hearing on the instant motion clearly demonstrates that movant personally withdrew the allegation of illegal arrest in open court and after having been cautioned at length by the trial judge that if the allegation was then withdrawn by movant the withdrawal would not only operate as to the instant motion but also as to any future claim of illegal arrest and seizure.

The court has considered all points raised in both movant's pro se brief and in the brief filed by movant's counsel. The trial court's findings, conclusions and judgment were not clearly erroneous.

The judgment is affirmed.

All of the Judges concur.