160 S.W.3d 815 (2005)
In the Interest of E.C.H.J. & D.C.L.J., Plaintiffs;
L.V.J., (Father), Appellant,
v.
Juvenile Officer, Respondent;
C.R.Y. (Mother), Defendant.
Nos. WD 64575, WD 64576.
Missouri Court of Appeals, Western District.
April 26, 2005.
*816 Jill Renee Creed, Macon, MO, for plaintiff and Guardian for Minors.
Joshua Fay, Macon, MO, for appellant.
Mike Greenwell, Shelbina, MO, for respondent.
Before ROBERT G. ULRICH, P.J., JAMES M. SMART, JR., and JOSEPH M. ELLIS, JJ.
JAMES M. SMART, JR., Judge.
L.V.J. ("Father") appeals from a judgment terminating his parental rights to his two minor children. The termination was based on Father's convictions in Iowa for sexual abuse and incest. Father challenges the statutory grounds for termination and the best interest rulings as against the weight of the evidence. We affirm.
Father and Mother were married. Two children were born of the marriage: D.C.L., a male who was eleven years old at the time of trial, and E.H.J., a female who was eight years old. These children are the subjects of the termination action at issue. Father also had another child from a previous relationship, A.J., who was nineteen years old at the time of trial.
In November 2001, while the family was living in Iowa, Mother witnessed Father engaging in sexual conduct with his daughter A.J. At that time, A.J. was sixteen years old and was living with Father and Mother. An information was subsequently filed, charging Father with five counts of third-degree sexual abuse and five counts of incest. After a guilty plea, Father was convicted in Iowa of one count of sexual abuse and one count of incest. See IOWA CODE §§ 709.4 and 726.2. Father was sentenced to a ten-year prison term in Iowa.
Meanwhile, sometime after the arrest, Father and Mother divorced. A judgment granted Mother legal and physical custody of the children. Father was granted no *817 visitation and ordered to pay child support. Mother moved to Missouri with the children. Father remains in prison in Iowa.
On July 1, 2003, the Juvenile Officer of Macon County, Missouri, filed a Petition for Termination of Father's parental rights with his two minor children, E.C.H. and D.C.L. Mother and the juvenile officer testified in behalf of termination. Father presented only his own testimony. The trial court ordered the termination of Father's parental rights as to the minor children.
The trial court relied on three statutory grounds. First, the court relied on section 211.447.2(3)(d),[1] finding that Father was convicted of a felony assault that resulted in serious bodily injury to one of his children. Second, the court relied on section 211.447.4(2), finding that Father committed severe and recurrent acts of sexual abuse toward another child in the family. Finally, the court relied on section 211.447.4(4), finding that Father was convicted of a sexual offenses prohibited by Chapter 566 in which one of his children was the victim, and a section 568.020 offense (incest) in which one of his children was the victim.
Father challenges each ground as against the weight of the evidence.
The court may not terminate parental rights unless it first finds that one of the statutory grounds has been proven by clear, cogent, and convincing evidence. In the Interest of E.D.M., 126 S.W.3d 488, 491 (Mo.App.2004). Clear, cogent and convincing evidence is evidence that instantly tilts the scales in favor of termination and leaves the finder of fact with the abiding conviction that the evidence is true. Id. (quoting In the Interest of C.C., 32 S.W.3d 824, 826 (Mo.App.2000)). Here, the trial court was presented with such evidence.
Section 211.447.4(4) provides that termination is appropriate where the parent has been found guilty of or pleaded guilty to (1) a Missouri Chapter 566 felony violation (sexual abuse) where one of his children was the victim or (2) a violation of Missouri section 568.020 (incest) where one of his children was the victim.
Here, the Juvenile Officer presented the certified copies of Father's Iowa convictions for third-degree sexual abuse and incest. IOWA CODE §§ 709.4 and 726.2. Father concedes that he was found guilty of the Iowa crimes. However, he points out that he was not found guilty of any Missouri crimes. Therefore, he says, the court's finding that the grounds in section 211.447.4(4) were proven is against the weight of the evidence.
Father chooses to construe the language as requiring a conviction in Missouri of a Missouri statute. Of course, in light of the obvious legislative purpose, it only makes sense to construe the language as requiring a conviction, whether in Missouri or elsewhere, of conduct that in Missouri would be violative of Chapter 566 or section 568.020 if it took place in Missouri. Where one view of the language does not comport with the obvious legislative purpose in the light of common sense, we will interpret such language so as to reflect the actual purpose of the legislature. See Phillips v. Am. Motorist Ins. Co., 996 S.W.2d 584, 591-93 (Mo.App.1999) (refusing to apply literal interpretation of statute where it would lead to an absurd result that the legislature could not have intended).
*818 It would make little sense to restrict the grounds in section 211.447.4(4) to crimes committed in Missouri. A parent's sexual violation of one of his own children raises a grave challenge to the issue of whether that parent should retain parental rights; and it makes no difference whether the acts were committed in Missouri or another state. It is absurd to think that the legislature would be concerned only about offenses perpetrated in Missouri and would be willing to expose children to the same risks posed by the tendencies reflected by the same heinous conduct committed elsewhere. While ordinarily we construe statutes affecting parental rights narrowly, such a narrow construction cannot apply in a case such as this, where the narrow construction would be absurd.
That the State of Missouri is concerned about the nature of the offense, and not the location of the offense, is further evident from the General Assembly's later enactment (in 2004) of section 211.038. In that statute, the legislature, concerned about avoiding reunification of children with parents who have offended sexually against children, provided indirectly some clarification of intent as to section 211.447.4(4). In section 211.038, the legislature provided that no child may be "reunited with a parent ... [who] has been found guilty of, or plead guilty to, a felony violation of Chapter 566 ... or ... 568.020... or an offense committed in another state when a child was the victim ... that would be ... a violation of ... 568.020 ... if committed in Missouri." This language confirms the legislative intent to base such decisions on the criminal conduct against a child or children, not the location of the criminal conduct. It would make no sense to provide that conviction of incest in Iowa would absolutely preclude reunification of parent and child in an abuse case in Missouri, but would not be grounds to terminate the parental rights of such a parent. For example, in a case in which there were no other grounds (besides conviction of the specified statutory provisions) on which to terminate parental rights, the interpretation suggested by the appellant could absurdly doom such an abused child to a life of foster care, without hope of either adoption or reunification. The legislature could have intended no such lack of logical symmetry between the two statutes. The obvious legislative purpose was to hold parents accountable to the conduct limitations of the Missouri statutes in question without regard to where the conduct occurred.
For all the foregoing reasons, therefore, we conclude the trial court did not err in determining that the legislature intended the statutory ground to apply also to conviction of an offense that is identical to a sexual offense prohibited by Chapter 566 and any conviction of an incest statute having elements identical to section 568.020.
The Iowa conviction for incest satisfies the criteria of the statute. Incest is a universally understood crime with an apparently universal definition. The statutory definitions at issue here contain the same elements. Section 568.020 provides: "A person commits the crime of incest if he marries or purports to marry or engages in sexual intercourse with a person he knows to be, without regard to legitimacy: (1) his ancestor or descendant by blood or adoption...." Iowa Code section 726.2 provides as follows:
A person, except a child as defined in section 702.5, who performs a sex act with another whom the person knows to be related to the person, either legitimately or illegitimately, as an ancestor, descendant, brother or sister of the whole or half blood, aunt, uncle, niece, or nephew, commits incest. Incest is a class "D" felony.
Both provide that a person commits incest if he engages in sexual activity with another *819 whom he knows to be his descendant. § 568.020, RSMo 2000; IOWA CODE § 726.2.
The court admitted the certified copy of the incest conviction. This document establishes by clear, cogent, and convincing evidence that Father was found guilty of that offense. Father acknowledges that the allegations of incest involved his daughter. We cannot say that the grounds for termination were not proven simply because the act was not committed in Missouri and the court was not in Missouri.
There was also evidence presented, through Mother's testimony, that Father committed severe and recurrent acts of sexual abuse toward Father's own daughter. Thus, there was evidence supporting grounds of termination both for incest and for severe and recurrent acts of sexual abuse.
Father argues that his conflicting testimony shows that the evidence supporting termination is not clear, cogent, and convincing. Father testified that the allegations of sexual abuse were not true. He said that his daughter "climbed in bed [on top of him] and tried to have sex with [him]." Father said that he was "irate" and refused.
We defer to the trial court's ability to evaluate witness credibility and to choose between conflicting evidence. In the Interest of A.H., 9 S.W.3d 56, 59 (Mo.App. 2000). The certified copy of the conviction is powerful evidence. The testimony of Mother was consistent with the conviction. These facts instantly tilt the scales in favor of termination and leave the finder of fact with the abiding conviction that Father committed acts constituting grounds for termination. This is true despite Father's conflicting testimony. See In the Interest of J.W., 11 S.W.3d 699, 703 (Mo.App.1999) (noting that evidence may still be clear, cogent, and convincing despite conflicting evidence).
Father states that his guilty pleas to the Iowa charges were "Alford" pleas. "Alford" pleas involve a plea of guilty without an admission of actual guilt. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Thus, according to Father, the convictions are not clear, cogent, and convincing evidence that he actually committed the crimes.
We have been provided no evidence that Father's pleas were "Alford" pleas beyond Father's bare assertion. The only evidence is Father's own testimony that he thought he had entered such a plea. We gather from the testimony at trial that the certified copies of the convictions do not show in any way that the plea was an Alford plea, and Father failed to provide this court with these exhibits. Father also failed to provide a transcript of the guilty plea hearing to substantiate his claim.
Father also offers no reason and no authority for the proposition that the statute should be construed such that it does not apply to "Alford" pleas.
We cannot say that the court's decision to terminate Father's parental rights pursuant to section 211.447.4(4) was against the weight of the evidence. Because one of the statutory grounds is sufficient for termination, we need not address Father's challenge to the court's other grounds. See In the Interest of J.K., 38 S.W.3d 495, 499 (Mo.App.2001).
Once the court finds that statutory grounds for termination have been proven, the court must then find that the best interests of the child would be served by termination. § 211.447.5; see also In the Interest of K.C.M., 85 S.W.3d 682, 690 (Mo.App.2002). The court's analysis must take into account any applicable "best interest" factors listed in section 211.447.6:
(1) The emotional ties to the birth parent;

*820 (2) The extent to which the parent has maintained regular visitation or other contact with the child;
(3) The extent of payment by the parent for the cost of care and maintenance of the child when financially able to do so...;
(4) Whether additional services would be likely to bring about lasting parental adjustment enabling a return of the child to the parent within an ascertainable period of time;
(5) The parent's disinterest in or lack of commitment to the child;
(6) The conviction of the parent of a felony offense that the court finds is of such a nature that the child will be deprived of a stable home for a period of years ...;
(7) Deliberate acts of the parent or acts of another of which the parent knew or should have known that subjects the child to a substantial risk of physical or mental harm.
Here, the trial court found each factor in favor of termination. Unlike proof of a statutory ground for termination, a best interests determination requires only proof by a preponderance of the evidence. In the Interest of K.C.M., 85 S.W.3d at 690.
Our review of these findings is for an abuse of discretion. Id. at 689. We will find an abuse of discretion only when the ruling is clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. In the Interest of K.J.K., 108 S.W.3d 62, 68 (Mo.App.2003).
There was ample evidence from which the trial court could have concluded that termination of Father's parental rights is in the best interests of the minor children. The juvenile officer testified that the children had few (if any) emotional ties to their father. Mother similarly testified that the children did not want to see their father. The record shows that during the six-month period between the arrest and the filing of this action, Father's only communication with the children was one or two letters. The length of time a child is out of a parent's custody and the limited contact during that time is an appropriate consideration when evaluating the children's emotional ties with their parent. In the Interest of B.A., 931 S.W.2d 926, 930 (Mo.App. 1996).
This evidence also supports the court's findings that Father has not maintained regular visitation or contact with the children and that he is not committed to them. Father points out that while serving his sentence, he sent three or four letters to his children. The trial court evidently attached little or no weight to these communications because they occurred after the juvenile officer filed her petition. The court was within its discretion to regard these efforts as token. In the Interest of M.L.K., 804 S.W.2d 398, 403 (Mo.App. 1991).
The juvenile officer testified that she knew of no additional services that could bring about a lasting parental adjustment. Here, there was reason to conclude that Father's sexual involvement with his daughter exceeded a one-time occurrence. Father pleaded guilty to only one count of sexual abuse and one count of incest out of a ten-count information, but Mother testified that several incidents of such abuse happened over a period of time.
The record shows that Father has eight years remaining on his sentence. There is no prospect of reunification. See § 211.038 RSMo Cum.Supp.2004.
Regarding the extent to which Father has provided for the care and maintenance of the children, Father points out that he submitted as evidence prison documents indicating that a portion of his prison income had been deducted for child support. *821 Mother and the juvenile officer, on the other hand, testified that Father provided no support during the six-month period between the date of Father's arrest and the date the petition for termination was filed. Even if this factor were resolved in favor of Father, the trial court still had ample evidence to conclude that terminating Father's parental rights was in the best interests of the minor children.
In light of the evidence, we cannot say that the trial court's "best interest" ruling is so clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock the sense of justice.
The judgment is affirmed.
ULRICH and ELLIS, JJ., concur.
NOTES
[1] Unless otherwise noted, all statutory references are to Revised Statutes of Missouri 2000.