ROBERT M. CLAYTON III, Judge
D.L.C. ("Father") appeals the judgment of the Juvenile Division of the Circuit Court of Monroe County ("the trial court" or "the court") finding that under Missouri law, Father was statutorily prohibited from reuniting with his minor child, A.J.C., due to the nature of his prior criminal conviction. We reverse and remand.[1]
I. BACKGROUND
A. The Circumstances Giving Rise to the Trial Court's Jurisdiction over A.J.C.
D.L.C. is the natural father of A.J.C., a daughter born on May 5, 2007. Father had physical custody of A.J.C. prior to the *502 events giving rise to this appeal. On January 21, 2016, A.J.C. was taken into protective custody by the Children's Division and was subsequently placed in foster care with Father's parents.
On April 8, 2016, the trial court entered its judgment finding A.J.C. a ward of the court and placing her under the jurisdiction of the trial court for supervision and treatment. The court found A.J.C. was in need of protective services due to Father's failure to provide proper care, custody, and support under section 211.031.1(1)(b) RSMo Supp. 2013.[2] It was specifically alleged that Father failed to provide A.J.C. with adequate housing, dress, and transportation to and from school.[3] Additionally, during its investigation of the allegations against Father, the Children's Division discovered marijuana in the family residence. Father was then required to take a drug test, which came back positive for THC and methamphetamines.
B. Father's Motion for Release from Protective Custody and Subsequent Procedural Posture
On May 31, 2016, Father filed a "motion for release from protective custody upon change of circumstances" ("motion for release from protective custody" or "Father's motion") arguing the reasons for protective custody had been rectified and that he should be reunited with his daughter.
The trial court held a dispositional hearing on June 10, 2016. At the hearing, the court was presented evidence of Father's 1999 conviction for abuse of a child under section 568.060.1(2) RSMo 2000,[4] in which the victim was a seventeen-year-old girl. The Children's Division and the Juvenile Officer asserted the conviction prevented Father's reunification with A.J.C. under section 211.038.1(3) RSMo Supp. 2006.[5] As the evidence indicated Father's home was appropriate at that time and he was drug free, the trial court concluded the issues giving rise to its jurisdiction had been rectified, and thus, the main issue left before the court was whether reunification was barred due to Father's prior conviction. The trial court then took the matter under advisement and allowed the parties to submit briefs on the issue.
On June 30, 2016, the trial court entered an order denying Father's motion for release from protective custody. The court's order suggested it was not convinced reunification *503 was barred based on Father's prior conviction, but that it was erring on the side of caution by denying Father's motion for the time being.
Subsequently, the Missouri Department of Social Services, on behalf of the Children's Division, filed a motion for reconsideration of application of section 211.038.1(3) ("the Children's Division's motion"). On February 17, 2017, the court heard additional argument on the issue of Father's prior conviction, and ultimately granted the Children's Division's motion as it found sections 211.038.1 and 568.060.1(2) prohibited the court from reuniting Father with A.J.C.
On February 21, 2017, the trial court entered its order and judgment of disposition regarding abuse/neglect ("judgment"), which reflected its finding that the aforementioned statutes prevented Father's reunification with A.J.C. The court set its permanency plan for A.J.C. to be placed under guardianship with the paternal grandparents. Father appeals.
II. DISCUSSION
A. Standard of Review
In cases involving neglect or abuse of a child, our standard of review is the same standard as applied in all court-tried civil cases. In re N.J.B. , 327 S.W.3d 533, 537 (Mo. App. S.D. 2010). Accordingly, the court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. In re Y.S.W. , 402 S.W.3d 600, 603 (Mo. App. E.D. 2013) ; see Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976).
B. Applicable Law and Analysis
In this case, the trial court found Father was barred from reuniting with A.J.C. because of his prior conviction. In 1999, Father pleaded guilty to and was convicted of abuse of a child under section 568.060.1(2). Father allocuted at his plea hearing that when he was twenty years of age, acting with another, he filmed a seventeen-year-old girl engaging in sexual acts. Since it was undisputed that Father was convicted under said statute, the court found the plain language of section 211.038.1(3) prohibited reunification of Father and A.J.C.
On appeal, Father asserts the trial court erred in concluding section 211.038.1(3) and his prior conviction prevented reunification, because the victim in Father's prior criminal case was not a "child" for purposes of Chapter 211.[6] The Juvenile Officer filed a letter with this Court conceding its agreement with Father's position. Specifically, the Juvenile Officer agreed "that [Father's] 1999 conviction does not bar him from reunification under [section 211.038.1(3) ] because the crime victim was not a 'child' for purposes of [ section 211.038 ]."
We begin our discussion of Father's claim with the relevant statutory language. Section 211.038.1 provides in pertinent part:
A child under the jurisdiction of the juvenile court shall not be reunited with a parent or placed in a home in which the parent ... has been found guilty of, or pled guilty to, any of the following offenses when a child was the victim:
...
*504 (3) A violation of subdivision (2) of subsection 1 of section 568.060 [RSMo 2000.]"
(emphasis added). For violations of chapters 566 or 568 not explicitly listed in section 211.038.1, the court has discretion to consider the parent's violation of such an offense when determining whether a child can be reunited with that parent. See section 211.038.2.
As emphasized above, section 211.038.1's prohibition on reunification applies only when the victim of a parent's prior violation was a child. As relevant to this appeal, Chapter 211 defines "child" as "any person under seventeen years of age[.]" Section 211.021.1(2) RSMo Supp. 2009;[7] see also Russell v. State , 494 S.W.2d 30, 35 (Mo. 1973) ; State v. Woodworth , 941 S.W.2d 679, 696 (Mo. App. W.D. 1997). Thus, when read together, sections 211.038.1(3) and 211.021.1(2) provide that a child under the jurisdiction of the court shall not be reunited with a parent if the parent has been found guilty of, or pled guilty to, a violation of section 568.060.1(2) when a person under seventeen years of age was the victim.
In this case, the victim in Father's prior criminal case was not a child for purposes of section 211.038.1 because she was seventeen years old, not under seventeen years of age. See sections 211.038.1(3) and 211.021.1(2). Despite Father's conviction under section 568.060.1(2), the nature of his prior conviction and the status of his victim do not trigger an outright prohibition on reunification pursuant to section 211.038.1 under the particular circumstances of this case. See In re J.L.G. , 399 S.W.3d 48, 62 (Mo. App. S.D. 2013) ( section 211.038 shows a clear public policy against returning an abused child to the parents involved in the abuse); see also In re E.C.H.J. , 160 S.W.3d 815, 818 (Mo. App. W.D. 2005). Accordingly, we agree with Father's argument that the trial court erred in finding he could not be reunited with A.J.C. based on his prior criminal conviction. In so ruling, however, we wish to clarify that although we find sections 211.038.1 and 568.060.1(2) do not automatically bar reunification in this case, Father's prior conviction is still a violation of Chapter 568, which the court has discretion to consider when determining whether A.J.C. should be reunited with Father. See section 211.038.2. Point granted.
III. CONCLUSION
For the foregoing reasons, we hold the trial court erred in finding Father could not be reunited with A.J.C. based on section 211.038.1(3) and his prior conviction under section 568.060.1(2). Accordingly, we reverse the court's judgment, and we remand for further proceedings consistent with this opinion.
Gary M. Gaertner, Jr., P.J., and Angela T. Quigless, J., concur.

Because we find Father's first point on appeal is dispositive and requires us to remand to the trial court for further proceedings, we do not reach Father's second point on appeal in which he argues the court erred in applying section 211.038 RSMo Supp. 2006 retroactively to his 1999 prior criminal conviction.

All further references to section 211.031 are to RSMo Supp. 2013, which incorporates legislative amendments through 2012 and was the version of the statute in effect at the time the petition in the trial court was filed on January 20, 2016. Section 211.031 was subsequently amended with an effective date of August 28, 2016. However, this amendment went into effect after the events giving rise to this appeal occurred and is not relevant to this appeal.

We need not recite all of the detailed allegations giving rise to the court's jurisdiction over A.J.C., because the court subsequently found they had been rectified and they are not at issue in this appeal.

All further statutory references to section 568.060 are to RSMo 2000, which incorporates legislative amendments through 1997 and was the version of the statute in effect in 1998, i.e., the time the events giving rise to Father's conviction occurred. Section 568.060 was subsequently amended, but amendments that went into effect after Father's conviction are not relevant to this appeal.

All further statutory references to section 211.038 are to RSMo Supp. 2006, which incorporates legislative amendments through 2005 and was the version of the statute in effect at the time Father's motion for release from protective custody was filed. Section 211.038 was subsequently amended with an effective date of January 1, 2017. However, this amendment went into effect after Father's motion was filed and is not relevant to this appeal.

Chapter 211, which contains Missouri's Juvenile Code, governs juvenile proceedings in Missouri. See generally M.T. v. Juvenile Officer , 431 S.W.3d 539, 543 (Mo. App. E.D. 2014) and State v. Woodworth , 941 S.W.2d 679, 695 (Mo. App. W.D. 1997).

All further references to section 211.021 are to RSMo Supp. 2009, which incorporates legislative amendments through 2008, is the latest version of the statute, and was the version of the statute in effect at the time Father's motion for release from protective custody was filed.